## FRANCES M. BENNETT *v.* EDWARD L. BENNETT.

SIX MONTHS' RESIDENCE REQUIRED FOR A DIVORCE.—The Court has no jurisdiction to grant a divorce unless the applicant aver and prove that he or she has been a bona fide resident of this State six months before making the application.

IN A DIVORCE SUIT, RESIDENCE MUST BE PROVED.—An averment in a complaint for a divorce, that the applicant has been six months a resident of this State, and a failure to deny the averment in the answer, does not do away with the necessity of proving the residence.

APPEAL from the District Court, Thirteenth Judicial District, Mariposa county.

The facts are stated in the opinion of the Court.

*Henry H. Hartley*, for Appellant.

As a condition precedent to the right of a party to apply for a divorce, it must be shown that the applicant has been a resident of the State for a period of six months immediately preceding the application. (Wood's Digest, Art. 2,634.) This means a *bona fide* residence ; not one acquired for the purpose alone of bringing the suit, for that is a fraud on the jurisdiction of the Court. The whole question is elaborately discussed in Bishop on Marriage and Divorce, Secs. 150, 709, 720, 721, where it is clearly laid down that any attempt to impose upon the Court by a fictitious claim of residence will authorize the Court to refuse the application. Residence is purely a question of intention, (4 Cal. 175,) and from the acts and declarations of the party the fact must be established. .

*J. G. McCullough*, for Respondent.

Residence is a question of fact and of intent, not purely a question of intention, as urged by the appellant's counsel. The *factum et animus* must concur. It surely at this day requires no citation of authorities to sustain this doctrine, and when residence is averred in a complaint it means a *legal* residence. A residence of six months our statute requires as a condition on which the application is to be made. It is a condition precedent. It must be pleaded. It is just as necessary to allege the fact of a six months' residence, as it is to allege the fact of a lawful marriage. Both must be alleged, and if denied, both must be proved. Neither is a "ground for a divorce," and neither if admitted need be proven.

The fact of plaintiff's six months' residence in Mariposa, and her marriage to defendant, are both positively and specifically alleged in this complaint, and neither being denied in the answer, both are admitted, and admitted as fully as if the defendant had expressly alleged them to be true. It is also alleged that at the time of the commencement of the suit the defendant was residing in Mariposa County. This he is careful to deny, while he says nothing of the plaintiff's residence. This question is settled by a late decision of this Court, and is no longer an open one. (*Fox* v. *Fox*, 25 Cal. 590.)


By the Court, SHAFTER, J.

This is an action for divorce. The defendant appeals from the judgment and from an order overruling his motion for a new trial.

It is insisted that the finding that the plaintiff had resided in this State six months immediately preceding the application is contrary to the evidence.

We have examined the evidence bearing upon the point. It came from one of the plaintiff's witnesses on cross examination, and its direct tendency was to prove that the plaintiff came to California from the State of New York, her place of

domicile, "to get a divorce," and that she intended to return
to that State and reside there with her father in Otsego
County, as soon as the divorce should be obtained. The main
ground of reply to his objection is, that the residence is
charged in the complaint and not denied in the answer, and it
is claimed that the point is within the analogy of *Fox* v. *Fox*,
25 Cal. 587. To this position we do not agree. In that case
the marriage was the fact charged and admitted; and it was
held that under the statute, the Court was bound to require
proof only of the facts alleged as the " grounds of divorce,"
and that the marriage itself could in no sense be regarded as a
ground for its own dissolution. It was further considered
" that the statute was framed to prevent collusion between
the parties," and that the question of marriage was one upon
which there could never be any motive to collude, inasmuch
as the very object of the proceeding was to dissolve and not
to establish that relation. Residence is not in itself a cause
of divorce, but it is a ground upon which the jurisdiction to
grant a divorce rests in all cases, both under the statute and
by international law. (Bishop, Secs. 150, 720, 721.) The
tribunals of a country have no jurisdiction over a cause of
divorce, wherever the offense may have been committed, if
neither of the parties has an actual bona fide domicile within
its territory. A divorce granted here without this prerequisite
would not be binding in the State of New York, nor in any
third State or country. While marriage does not go to the
causes of divorce, it is also true that it is not a fact of juris-
dictional consequence. Its relations to the question are not
only distinct from, but are much more comprehensive than
either; for it goes to the possibility of a divorce on any ground
by any tribunal in any country. But residence, though it does
not enter into the statute causes of divorce, does enter into the
" grounds " of divorce, or constitutes rather the sole ground
upon which a decree dissolving the marriage relation in any
given instance, can be regarded otherwise than as a piece of
judicial usurpation.

But over and beyond this, residence is palpably within the mischiefs against which it was the object of the statute to guard, and therefore it must be proved.   Should the judgment in this case be affirmed, the affirmance would be but a letter of invitation to the married, domiciled abroad, who have, with or without reason, become emulous of divorce, to take a trip, one or both, to. this State for the purpose of avoiding delays, or yet more serious impediments at home, with the intention to return thereto as soon as the purpose of their coming shall have been hurried to accomplishment by the aid of an acommodation answer admitting the averment of a six months' residence on the part of the applicant.   Against this prostitution of the judicial power the statute interposes the only available barrier by requiring, as we construe it, not only that the causes of divorce should be proved to the Court, but the residence of the applicant also, as the sole ground on which it can take cognizance of the question.

The judgment is reversed and a new trial ordered.