ANNA M. HOOD *vs.* WILLIAM P. HOOD & another.

If the record of a case in this court fails to show the ground upon which a decree therein was rendered, the statement of the case and the opinion of the court printed in the authorized reports are admissible to show it.

A decree of divorce, binding as between the husband and wife, cannot be impeached by her in a writ of dower against persons who purchased land from him during the coverture.

WRIT OF DOWER, dated October 30, 1871, by Anna M. Hood, alleging that she was the widow of James M. Hood, and praying that her dower might be set off to her in land in Somerset, of which he was seised during the coverture. The tenants pleaded the general issue, and also a special plea that James M. Hood was divorced from the demandant on May 22, 1861, by a decree of the Circuit Court of Kane County in the State of Illinois.

At the trial in this court, before *Wells,* J., it appeared that the demandant was married to James M. Hood; that he died a year before this action was brought; that he was seised of the demanded premises while married to her; that she had never released her dower therein; that she duly made a demand for dower; that James M. Hood became insolvent in 1855; and that the premises were conveyed to his assignee in insolvency, and by the assignee to the tenants.

The tenants put in evidence a copy of a decree of the Circuit Court of Kane County in the State of Illinois, dated May 22, 1861, granting a divorce to James M. Hood from the demandant on the ground of her desertion, and were also allowed, against the objection of the demandant, to put in evidence the record of this court in the case of a libel brought, at April term 1865, by the demandant against James M. Hood, praying for a divorce on the ground of his adultery. It appeared from this record that James M. Hood filed an answer, denying the adultery, alleging that the libellant had deserted him, and setting up his divorce in Illinois; that "upon the issue thus found the cause came on for a hearing, and after the evidence was taken, was reported for the consideration of the full court;" that it was argued to the full court; and that it was ordered, by rescript filed in the clerk's

office January 4, 1866, that the libel be dismissed. The rescript was not produced, but the opinion of this court in the case, reported 11 Allen, 196, was referred to by agreement, " but to have such effect only as it is legally entitled to have."

The demandant then offered evidence tending to impeach the validity of the decree of divorce in Illinois on the ground that James M. Hood and the demandant were both domiciled in this Commonwealth, and that the decree was obtained by his fraud. The tenants objected that this evidence was not admissible, and contended that the demandant was estopped to deny the validity of said decree ; but the judge ruled otherwise, and admitted the evidence. There were other questions raised in the case which it is not now necessary to report. The jury returned a verdict for the demandant, and the tenants alleged exceptions.

*J. M. Morton, Jr.*, for the tenants.

*C. I. Reed & J. H. Dean*, for the demandant.

WELLS, J. To maintain this claim of dower it must appear that the demandant is widow of James M. Hood ; that is, that she was his wife until his decease. She was not, if the divorce in Illinois is valid.

The tenants contended that the decree of this court in *Hood* v. *Hood*, 11 Allen, 196, was conclusive against any attempt by her to impeach the previous decree. The ruling at the trial was otherwise ; and she was allowed to impeach the decree of divorce obtained against her by her husband in Illinois. In the opinion of the court this ruling was wrong.

Two questions are involved : 1st. Whether the evidence was sufficient to show upon what ground the decree of this court, thus relied on, was made ; 2d. Whether that decree could be availed of by a third party, and in a collateral proceeding.

The rescript was not produced at the trial ; and the record, as extended by the clerk, did not show upon what ground the libel was dismissed. But it did show that the libel was dismissed after argument before the whole court, in pursuance of an order therefrom by rescript. And we are satisfied that it was competent for the tenants to show the grounds of adjudication by the statement of the case and the opinion of the court, as contained in the

authorized printed volume of reports. From that it appears that the decree was made and could only have been made upon the ground of the validity of the previous decree of divorce in Illinois.

The decree in favor of her husband, dismissing her libel, was then forever conclusive against her, as between themselves. It severed the relation between them; or rather, estopped her from averring anything to the contrary of the decree in Illinois, which purported to sever that relation. The general rule however, in regard to estoppels of record, is that they are good only between the parties of record and their privies. They cannot be set up in collateral proceedings between one of those parties and third persons. But the effect of the judgment in this case was to determine the *status* of the demandant. So far as it did that, it is a judgment that is operative and conclusive as to all the world. *Burlen* v. *Shannon*, 3 Gray, 387. *Smith* v. *Smith*, 13 Gray, 209. 2 Bishop on Mar. & Div. (5th ed.) § 755. Freeman on Judgments, §§ 159, 313, 586. 1 Greenl. on Ev. §§ 544, 545. Starkie on Ev. 339. As this point is probably decisive of the whole case, we need not consider the other questions raised.

*Exceptions sustained.*