JAMES S. ADAMS *vs.* ANNE T. ADAMS & others.

Suffolk. November 20, 21, 1890. — September 2, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Divorce in another State — Validity of subsequent Marriage — Legitimacy.*

The fact that a marriage has taken place in another State on the faith of a previous divorce there does not preclude an inquiry by the courts of this State into the validity of the divorce, or a denial of the validity of the marriage if the divorce is one that would be decreed void if it were directly in issue.

The California Civil Code, in § 84 legitimating "children begotten before the judgment" annulling a marriage, and in § 1387 legitimating the issue of marriages null in law, relate to children born after the marriage, and cannot be taken to enlarge the meaning of § 215, legitimating by a subsequent marriage children born before wedlock.

A testator, resident in this State, bequeathed property to the "present wife" of his brother, "for the benefit of herself and all the children" of such brother. Thereafter the brother went to California and obtained a divorce before resid-

ing there the requisite time, although the record of divorce proceedings recited that he had done so, and subsequently married there a woman by whom he had had an illegitimate son. *Held,* on a bill in equity by such son to establish his rights under the will, that the validity of the divorce might be inquired into, notwithstanding the recitals in the record; that the marriage was void, and did not legitimate the plaintiff; and that the plaintiff was not entitled to take under the will.

BILL IN EQUITY to obtain a share of the income of a trust fund. *Allen,* J. reported the case for the consideration of the full court.

The case was argued at the bar in November, 1890, and afterwards, in September, 1891, was submitted to all the judges except *Field,* C. J. and *Barker,* J.

*H. R. Bailey,* for the plaintiff.

*J. Fox,* (*R. M. Morse, Jr.* with him,) for the defendants.

HOLMES, J. This is a bill in equity by which the plaintiff seeks to establish his right to a share in a fund left by the will of Seth Adams, of Newton, Massachusetts, to the " present wife " of his brother, Charles W. Adams, " for the benefit of herself and all the children of said Charles in equal proportions." The testator died in this State on December 7, 1873, and the will was dated February 15, 1872. The question is whether the plaintiff is one of the children within the meaning of the will. The wife referred to is admitted to be the defendant Anne T. Adams, who was married to Charles W. in Maine, in 1854, he then being a resident of New York. The plaintiff is the child of. Charles W. Adams and Hannah Phillips, was born in California on August 28, 1881, and was then illegitimate. At that time Charles W. Adams's domicil was in Texas. In October, 1881, Charles W. Adams changed his domicil to California, and on December 3, 1881, he began an action there for divorce against the above mentioned Anne, and got a decree on April 13, 1882. It is found that he had not been a resident of the State for six months next preceding the commencement of the action, as required by the California Civil Code, § 128, and that for this reason the court had no jurisdiction of the action, but that the court was imposed upon by Charles W. Adams. We may also mention, that it is found that the wife of Charles W. Adams was then residing in Massachusetts, and had no actual notice of the action, and that it might be a question, if material, whether her domicil followed that of her husband. California

Civil Code, § 129. *Burlen* v. *Shannon*, 115 Mass. 438, 447, 448. On April 20, 1882, Charles W. Adams married Hannah Phillips in California, then having his domicil there, and after the marriage recognized the plaintiff as his son. By the law of California a child born before wedlock becomes legitimate by the subsequent marriage of its parents. Civil Code, § 215. The law of Texas is similar, if the child is recognized by the father. Rev. Sts. § 1656 (1879).

The word "children" in a Massachusetts will means legitimate children. *Kent* v. *Barker*, 2 Gray, 535, 536. Probably the meaning would be the same, even if the parents referred to and the child were domiciled in a State where illegitimate children were recognized as children for some purposes. *Lincoln* v. *Perry*, 149 Mass. 368, 373, 374. But we do not need to consider this at length, as it does not appear that the law of California or of Texas would recognize the plaintiff as the child of Charles W. Adams for the present purpose unless he were legitimated, as Charles W. Adams in any case was only domiciled in California for a short time, long after the testator's death, and after the birth of his child, and died domiciled in Massachusetts. The plaintiff's case is put wholly upon his having been legitimated. We assume for the purposes of our decision, that, if he has been legitimated, he is entitled to a share under the will. *Loring* v. *Thorndike*, 5 Allen, 257. *Sleigh* v. *Strider*, 5 Call, 439. *In re Andros*, 24 Ch. D. 637. We may as well add here, that, if the Texas domicil of Charles W. Adams at the time of the birth of his son was material, (*Ross* v. *Ross*, 129 Mass. 243, 256, and *In re Grove*, 40 Ch. D. 216,) no difference based on that fact, and favorable to the plaintiff, has been called to our attention. We shall speak only of the law of California in dealing with this part of the case. We shall not consider whether, if it were necessary to satisfy the requirements of the Texas statute, a marriage in California would do so.

It may be assumed that the California statute to which we have referred (Civil Code, § 215) requires a valid marriage to legitimate an earlier born child. *Loring* v. *Thorndike*, 5 Allen, 257, 263, 269. *Greenhow* v. *James*, 80 Va. 636, 641. For Charles W. Adams's marriage to be valid it was necessary that he should have obtained a valid divorce. But if we should assume that

the decree of divorce was valid in California, so that Charles W. Adams had a capacity to marry there, and that his marriage conferred the status of a legitimate child upon his son by the law of that State, we should encounter doubts like those expressed by Lord Colonsay, in *Shaw* v. *Gould*, L. R. 3 H. L. 55, 97, whether at any distance of time we were to reopen the inquiry into the circumstances of Charles W. Adams's resort to the California court. The California record shows that the court there found that Charles W. Adams had been a resident of the State for the necessary time. There is color in the California decisions put in evidence for the argument that this finding could not be impeached collaterally in California, and thus that the case supposed is the case before us.

Taking the case this way for a moment, we still are unable to decide it in favor of the plaintiff. The rule that the status of the domicil is the status everywhere must yield when the status is constructed on principles which are contrary to those which are generally recognized, or which can be admitted by the law of the forum resorted to. See *Ross* v. *Ross*, 129 Mass. 243. We should agree with the English decisions so far as this, that the fact that a marriage has taken place on the faith of a previous divorce does not preclude an inquiry by the courts of another State into the capacity of the divorced party, and thus into the validity of the divorce, or a denial of the validity of the marriage if the divorce is one which would be decreed void if it were directly in issue. A purely voluntary contract of marriage cannot be allowed to impart a conclusive character to a decree which before could have been examined. *Smith* v. *Smith*, 13 Gray, 209, 210. *Shaw* v. *Gould*, L. R. 3 H. L. 55. *Shaw* v. *Attorney General*, L. R. 2 P. & D. 156. *Briggs* v. *Briggs*, 5 P. D. 163.

The present case offers remarkably little ground for hesitation in going into this inquiry. Marriage in California is, or may be, a pure matter of private contract, entered into without intervention of the State except for purposes of registration. Civil Code, §§ 55, 75, 78. *Graham* v. *Bennet*, 2 Cal. 503. The mother's rights are not in question, and if they were, she did not stand at all in the position of a purchaser for value without notice. She is found to have known all the facts, and her belief in Charles W. Adams's capacity to contract marriage was simply an opinion

about California law. (We are not now considering the conditions of a putative marriage, as to which different views have been expressed. *Glass* v. *Glass*, 114 Mass. 563, 566. *Shaw* v. *Gould*, L. R. 3 H. L. 55, 97. *Succession of Buissiere*, 41 La. An. 217, 220, 221. *Harris* v. *Harris*, 85 Ky. 49.) The plaintiff is claiming a purely gratuitous benefit as an incidental result of the proceedings in California, at the expense of other children who were not parties to any of those proceedings, or entitled to be heard at any stage of them, but who nevertheless are to be precluded from denying their validity.

If the validity of the divorce were immediately in issue, it could be impeached here for want of jurisdiction, notwithstanding the recitals in the record, and those recitals could be contradicted by parol evidence. *Sewall* v. *Sewall*, 122 Mass. 156, 161. *Cummington* v. *Belchertown*, 149 Mass. 223, 225. *Thompson* v. *Whitman*, 18 Wall. 457. See *Bowler* v. *Huston*, 30 Grat. 266 ; *Mitchell* v. *Ferris*, 5 Houst. 34 ; *Eager* v. *Stover*, 59 Misso. 87. For instance, if Charles W. Adams had married Hannah Phillips in this State and had been indicted for polygamy. *People* v. *Dawell*, 25 Mich. 247. *Van Fossen* v. *State*, 37 Ohio St. 317, 320. See *People* v. *Baker*, 76 N. Y. 78. Or even in a proceeding between the parties to the divorce, if the one raising the objection had not appeared in that cause, and was not domiciled in the State where it was granted. *Reed* v. *Reed*, 52 Mich. 117, 121. *Cross* v. *Cross*, 108 N. Y. 628. See *Chaney* v. *Bryan*, 15 Lea, (Tenn.) 589 ; *Leith* v. *Leith*, 39 N. H. 20, 41. So *a fortiori* where the question is raised, as here, by third persons whose rights are concerned, and who were not parties to or entitled to be heard in the divorce suit. See *Gregory* v. *Gregory*, 78 Maine, 187, 190 ; *Neff* v. *Beauchamp*, 74 Iowa, 92, 94 ; *O'Dea* v. *O'Dea*, 101 N. Y. 23 ; *Cummington* v. *Belchertown*, 149 Mass. 223 ; *Shaw* v. *Gould*, L. R. 3 H. L. 55. In *Hood* v. *Hood*, 11 Allen, 196, the fact of domicil was tried between the original parties for the purpose of determining the jurisdiction of an Illinois divorce, and in *Hood* v. *Hood*, 110 Mass. 463, it was the Massachusetts, not the Illinois decree, which was held conclusive on third persons, they offering evidence only to impeach the Illinois decree. See also *Burlen* v. *Shannon*, 115 Mass. 438, 445, 449 ; Pub. Sts. c. 146, § 41.

There is no doubt that the requirement of six months' residence goes to the jurisdiction of the court. The finding of the judge on this point is confirmed, not only by the plain effect of the California statute, but by the express statement of the Supreme Court of that State, and by its intimation that a divorce granted without that prerequisite would not be binding in any other State. *Bennett* v. *Bennett*, 28 Cal. 599, 601. *People* v. *Dawell*, 25 Mich. 247, 263, 264.

But although we have made the assumption for a moment, we by no means are prepared to concede that, if the present case arose in California, under a California will, it would be decided differently there. The universal effect of a judgment *in rem* in establishing or changing a status or title, whether given to it by statute or by the tradition of the courts, rests on the practical necessity of the case, because the effect is of a nature to concern strangers to the proceedings. It would be inconvenient for parties to be divorced as between themselves, and yet married towards the world. The same convenience makes it desirable that the effect should be the same wherever the question arises, whether within the jurisdiction or without it, and therefore, in the case of a decree which would be void outside the jurisdiction, that it should not be held conclusive within it. The decree if binding in California would be binding everywhere. *Cheever* v. *Wilson*, 9 Wall. 108. It is desirable, at least, that the converse rule should be applied, and that a decree void elsewhere should not be held binding there. We are aware that some of the cases which we have cited, and others which we have not cited, contemplate the possibility of a divorce which shall be valid only as to the plaintiff within the jurisdiction. But especially in this country, where changes of residence from State to State are frequent, every court must strive so far as possible to bring the local view of a citizen's status into accord with that which would prevail generally elsewhere.

We have tried to show that the decree before us would be regarded as void outside of the jurisdiction, and void on the ground that the condition precedent attached by a California statute to the right of the court to take jurisdiction had not been complied with. The question is whether the statute has a less effect within the State. No conclusive evidence of the law of California

upon this point has been called to our attention.   If the plaintiff had been rightly in court, and the objection had been that the defendant had not been duly served, it may be that, if the record showed a proper publication, it could not be contradicted.   *In re Newman,* 75 Cal. 213, 220.   But perhaps even this is doubtful, in view of some of the decisions earlier cited, and however it may be, a distinction has been suggested between a total want of jurisdiction and a failure to get jurisdiction of the person of the defendant in a case which is rightly in court.   *People* v. *Dawell,* 25 Mich. 247, 256.   See *Henderson* v. *Staniford,* 105 Mass. 504, 506 ; *Whitwell* v. *Barbier,* 7 Cal. 54, 63, 64.   We feel at liberty to assume the law of California to be in accordance with that generally received elsewhere, and to consider the question on principle.

The argument for the conclusiveness of the decree in California would seem to be, that the parties to a domestic judgment showing jurisdiction on the face of the record cannot impeach it collaterally.   *Hendrick* v. *Whittemore,* 105 Mass. 23.   *McCormick* v. *Fiske,* 138 Mass. 379.   Freeman, Judgments, §§ 131, 134.   And that if a judgment *in rem* is operative as between the parties while it stands, it must be effectual to determine their status as to third persons, although not parties, for reasons already given.   *In re Newman,* 75 Cal. 213, 220.   *Hood* v. *Hood,* 110 Mass. 463, 465. *Brigham* v. *Fayerweather,* 140 Mass. 411, 413.

But if the judgment is thus binding to all intents and purposes in California, it would be binding elsewhere, which, as has been shown, is not the law.   In New York this consideration has been adduced as a reason for the rule prevailing there, that a domestic record may be impeached collaterally for want of jurisdiction, even by a party.   *Ferguson* v. *Crawford,* 70 N. Y. 253, 261, 262. Whether the rule as to parties be regarded as an anomaly established on the principle *Communis error facit jus,* or as a mere rule of procedure, that those who have it in their power to reverse a judgment must do so if they do not want to be bound by it, as possibly may be inferred from some of the cases, *Hendrick* v. *Whittemore,* 105 Mass. 23, 28, the conclusion cannot be admitted that those who have not that power are also bound, if the judgment is *in rem,* to admit the change of status which it purports to effect.   Consider what would be the result.   In a great ma-

jority of divorces neither party wishes to disturb the decree. If their acquiescence should be allowed to have the effect supposed, third persons may be affected in their property and in their most sacred personal rights by the interested action of others, without ever having had a chance to be heard. The cases are few, and we are aware of no binding authority. But in *Perry* v. *Meddow-croft*, 10 Beav. 122, 137, an infant was allowed to impeach a domestic sentence of nullity collaterally for collusion, although the sentence operated *in rem*, and bastardized him if it stood. *Harrison* v. *Southampton*, 22 L. J. (N. S.) 372. *Meddowcroft* v. *Huguenin*, 4 Moore, P. C. 386, 398. We cannot doubt that, if the fraud on the court had concerned its jurisdiction rather than the merits, Lord Langdale would have been at least equally ready to hear the evidence. *Cavanaugh* v. *Smith*, 84 Ind. 380. Yet the parties to the collusive decree were bound by it. *Greene* v. *Greene*, 2 Gray, 361, 362. *Nichols* v. *Nichols*, 10 C. E. Green, 60, 65. We have confined our citations mainly to cases of divorce and judgments *in rem*. But where there has been an execution sale under a judgment *in personam*, there is a difficulty not unlike that which arises with regard to judgments *in rem* in allowing the validity of the judgment to be disputed by third persons, for the purpose of destroying the purchaser's title. Yet it has been held that this may be done. *Safford* v. *Weare*, 142 Mass. 231.

We shall not consider further whether this judgment was not absolutely void on the facts reported, and whether, if so, the record could be contradicted by the parties to it on what has been declared in California to be a "fundamental rule that no court can acquire jurisdiction by the mere assertion of it, or by deciding that it has it." *McMinn* v. *Whelan*, 27 Cal. 300, 314.

We are of opinion, for the reasons which we have given, that the validity of the divorce granted Charles W. Adams is open to contradiction in this suit, that the divorce was void and ineffectual as against his legitimate children, and that therefore his marriage with the plaintiff's mother was void, and did not legitimate the plaintiff in such a sense as to entitle him to set up a claim in competition with the legitimate children under a Massachusetts will.

Another and distinct argument has been drawn from another California statute, which provides that, when a marriage is an-

nulled ,on the ground that a former husband or wife was living, children begotten before the judgment are legitimate. Cal. Civil Code, § 84. The California and Texas statutes also provide that the issue of marriages null in law shall be legitimate. Cal. Civil Code, § 1387. Texas Rev. Sts. § 1656.

The Texas statute may be laid on one side. For, even if we should hold that the Texas law imparted to the plaintiff his capacity for legitimation, which, under the facts of this case, we do not intimate, still, subject to the qualifications heretofore stated, the effects of his parents' marriage upon him must be determined by the law of California, where it took place, and where they and he then were domiciled. We lay on one side, therefore, without further remark, a dictum in a decision by the Supreme Court of Texas, that children born before the parents entered into a void marriage would be legitimated so as to take as children under a Texas will. *Carroll* v. *Carroll*, 20 Texas, 731, 745, 746.

We see no ground for construing the California acts as applying to any children except those born after the void ceremony has been gone through with. They alone can be described as issue of the marriage, according to the express words of § 1387. *Greenhow* v. *James*, 80 Va. 636, 638. They alone fall within the obvious reasons for the statute and the earlier Spanish law, from which it would seem that the statute may have been derived, according to the exposition in another Texas case. *Smith* v. *Smith*, 1 Texas, 621, 629. If we assume that § 84 applies where there has been no judgment annulling the marriage, the general words, " children begotten before the judgment " must be confined to children born after the marriage, in view of § 1387. Neither § 84 nor § 1387, nor both together, can be taken to enlarge the meaning of § 215, discussed at the beginning of this opinion, so that a void marriage shall legitimate children previously born. The view which we take seems to be that of the Supreme Court of California, so far as they have expressed an opinion. *Estate of Wardell*, 57 Cal. 484, 491. See also *Watts* v. *Owens*, 62 Wis. 512, 517 ; Fraser, Parent and Child, (2d ed.) 28. We have found no case favoring a different construction, except the few words in *Carroll* v. *Carroll*, 20 Texas, 731, 746.

*Bill dismissed.*