[Civ. No. 1263.   First Appellate District.—December 4, 1913.]

# JENNIE COLEMAN, Appellant, v. JOHN L. COLEMAN, Respondent.

DIVORCE—RESIDENCE OF PARTIES—SUFFICIENCY OF FINDING.—A finding in an action for divorce that both the plaintiff and the defendant have been residing in the county and state for a period of more than one year "now last past" is not a finding that they or either of them have resided within the jurisdiction for one year next preceding the commencement of the action, and is not sufficient to sustain a decree of divorce.

ID.—RESIDENCE OF PARTIES—JURISDICTIONAL FACTS—PLEADING AND PROOF.—No divorce can be had unless this jurisdictional fact appears, that the plaintiff has been a resident of the state for one year, and of the county three months, next preceding the commencement of the action, and proof thereof is a prerequisite to the granting of the divorce.   A mere admission in the pleadings of such residence is insufficient; the plaintiff must aver and prove that he or she has been a *bona fide* resident for the requisite period.

ID.—NONRESIDENT—CROSS-COMPLAINT—RIGHT TO RELIEF.—The amendment of 1911 to section 128 of the Civil Code, providing relief for a cross-complainant in divorce who is not a resident of the state, or of the county in which the action is brought, is not broad enough to entitle him to affirmative relief, unless proof is offered that the plaintiff has resided in the jurisdiction for the requisite period.

ID.—MOTION FOR NEW TRIAL—NATURE OF AS INDEPENDENT PROCEEDING. A motion for a new trial is in the nature of a new and independent proceeding collateral to the judgment in the action.

ID.—NOTICE OF MOTION—FAILURE TO FILE IN TIME—RELIEF UNDER SECTION 473 OF CODE OF CIVIL PROCEDURE.—Where notice of intention to file a motion for a new trial is not given within the time limited, the trial court has no power, under the terms of section 473 of the Code of Civil Procedure, to relieve the defeated party from the consequences of that failure.

ID.—APPEAL BY WIFE—COSTS AND COUNSEL FEES.—Where a wife in good faith takes an appeal from a judgment denying her a divorce, and is without means to prosecute it, but her husband is financially able to defray the expense thereof, it is an abuse of discretion for the trial court to refuse to make her a reasonable allowance for costs and counsel fees.

ID.—APPEAL—INSUFFICIENT FINDINGS AS TO RESIDENCE.—Where, upon an appeal from a judgment on the judgment-roll in an action for divorce, a reversal is necessary because of the insufficiency of the

finding as to the residence of the parties, it is proper to direct the making of a new finding on such subject, and to provide that upon it and the remaining findings the appropriate judgment be rendered and entered.

ID.—REMAND OF CASE—NEW FINDINGS UPON SINGLE ISSUE.—A case may be remanded with directions to the trial court to find upon a single issue, leaving the other findings to remain as a part of the record.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders refusing leave to file notice of new trial and denying alimony and costs. William P. Lawlor, Judge. .

The facts are stated in the opinion of the court.

W. H. Early, and G. L. Baraty, for Appellant.

T. J. Crowley, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment denying a divorce to plaintiff, and granting a divorce to defendant on his cross-complaint. There is also an appeal from the two orders made by the court after the entry of the interlocutory decree of divorce, the first order being one denying plaintiff permission to file notice of intention to move for a new trial after the time for the filing of such notice had expired, which relief was sought under the terms of section 473 of the Code of Civil Procedure; and the second order being one denying plaintiff alimony, costs, or counsel fees pending appeal.

It is claimed by the appellant that the interlocutory decree of divorce which was granted to the defendant upon his cross-complaint, is not sustained by the findings of fact. In support of this claim we are referred to the finding as to the residence of the parties. That finding recites that plaintiff and defendant are both residents of the city and county of San Francisco, state of California, and "have been residents in said city and county and state for a period of more than *one year now last past.*"

We agree with appellant that this is not a finding that the parties had resided in San Francisco for that period of time prior to the commencement of the action.

Section 128 of the Civil Code provides that no divorce shall be granted unless the plaintiff shall have been a resident of the state of California for a period of one year, and of the county in which the action is brought for a period of three months, next preceding the commencement of the action. No divorce can be had unless this jurisdictional fact appears, and the proof thereof is a prerequisite to the granting of the divorce. A mere admission in the pleadings of such residence is insufficient. A plaintiff in a divorce case must aver and prove that he or she has been a *bona fide* resident for the requisite period. (*Bennett* v. *Bennett,* 28 Cal. 600; *Dutcher* v. *Dutcher,* 39 Wis. 651, 667; *Smith* v. *Smith,* 10 N. D. 219, [86 N. W. 721]; *Adams* v. *Adams,* 154 Mass. 295, [13 L. R. A. 275, 28 N. E. 260].)

While the section last mentioned was amended in the year 1911 so as to provide for relief for a cross-complainant who is not a resident of the state, or the county in which the action is brought, yet, under the amendment the section is not broad enough to entitle such complainant to affirmative relief unless proof is offered that the plaintiff has resided in the jurisdiction for the requisite period.

Without proof at the trial that one of the parties to the action had resided in the state and county for the necessary period, the court can never acquire jurisdiction to grant a divorce to one or other of the parties. The fact of residence being a jurisdictional prerequisite, it must appear affirmatively in the findings that the plaintiff or defendant has resided in the jurisdiction for the specified period; and failing in this the judgment thereon is void. (*Salzbrun* v. *Salzbrun,* 81 Minn. 287, [83 N. W. 1088].)

A finding as here that both plaintiff and defendant have been residing in the county and state for a period of more than one year "now last past" is not a finding that they or either of them had resided within the jurisdiction for one year next preceding the commencement of the action; nor does the record, aside from the pleadings, anywhere disclose that either of them so resided there for the statutory period.

The complaint was filed on the twelfth day of July, 1911, the cross-complaint on the sixteenth day of August, and the findings of fact together with the decree based thereon were signed by the judge on August 30th of the same year. It

follows that the finding of residence of the parties is insufficient to support the decree.

As to the appeal from the order denying plaintiff permission to file a notice of intention to move for a new trial, it is sufficient to say that the motion was eighty-three days late, and that the provisions of section 473 of the Code of Civil Procedure, do not apply to such a motion. A motion for a new trial, says the supreme court, is in the nature of a new and independent proceeding collateral to the judgment in the action; and where notice of intention to file a motion for a new trial is not given within the time limited, the trial court has no power under the terms of section 473 of the Code of Civil Procedure, to relieve the defeated party from the consequences of that failure. (*Union Collection Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435].)

Coming to the last order appealed from, we think the court committed error in denying plaintiff's motion for costs and counsel fees on appeal. From what has already been said it appears that the appeal from the judgment must be regarded as having some merit; and, according to plaintiff's affidavit (which was uncontroverted), that appeal was taken in good faith, she was without means to prosecute it, and her husband was in a position financially to pay a reasonable sum to defray that expense. Of course the court was right in refusing to make her an allowance for the purpose of having the testimony transcribed, for it was obvious that the appellant had by delay lost all right to have the appellate court review the evidence. But so far as the appeal from the judgment on the judgment-roll alone was concerned, it is plain for the reasons just stated that the refusal to make her a reasonable allowance to prosecute that appeal was an abuse of discretion.

The appeal from the judgment is brought here on the judgment-roll alone, and we do not therefore know what the evidence was in the trial court. The plaintiff alleged a residence of eight years within the city and county of San Francisco next preceding the commencement of the action, which was not denied in the answer; the cross-complaint also alleged the residence of the parties for the necessary jurisdictional period; and while jurisdiction cannot be established by an admission of the parties, still from what appears in the record and the briefs of counsel it is probable that the jurisdiction

of the court was fully established, and that the language of the finding was an attempt to show such jurisdiction. The authorities support the view that a case may be remanded with directions to the trial court to find upon a single issue, leaving the other findings to remain as a part of the record. (*Duff* v. *Duff*, 101 Cal. 1, 4, [35 Pac. 437] ; *Argenti* v. *City of San Francisco*, 30 Cal. 459, 462.) We think that this is a proper case in which to adopt such course; and that on account of the defective finding as to the residence of the parties the judgment should be reversed, and the cause remanded to the trial court, with directions to said court, upon the evidence before it, to make a new finding on the subject of the residence of the parties; and upon such and the remaining findings to render and enter the appropriate judgment.

The order denying plaintiff's motion for permission to file notice of intention to move for a new trial is affirmed; the order denying plaintiff's motion for costs, counsel fees, and alimony pending appeal is reversed; and the judgment is reversed, and the cause remanded to the trial court for further proceedings in accordance with the views herein expressed.

Lennon, P. J., and Richards, J., concurred.