[S. F. No. 6564. In Bank.—January 19, 1916.]

JOHN FLYNN, Respondent, v. ELLEN FLYNN, Appellant.

DIVORCE—PLEADING—RESIDENCE OF PLAINTIFF—BONA FIDES NEED NOT BE ALLEGED.—A complaint in an action for a divorce, in order to show that the plaintiff has had a residence in the state and county in which the action is brought for the periods required by section 128 of the Civil Code, need not in terms allege that his residence was *bona fide.* An allegation of residence therein for the required periods necessarily implies residence in good faith.

ID.—DIVORCE CANNOT BE GRANTED ON ADMISSIONS OR STATEMENTS OF PARTIES—ADMISSIONS OF PLEADINGS—APPEAL.—In view of the express provisions of section 130 of the Civil Code, it is erroneous for a court to grant a divorce in the absence of some proof, independent of the admissions and statements of the parties, of the facts warranting such action; and a party appealing from a judgment of divorce may successfully urge such error as a ground for reversal, even though the essential fact was admitted by the pleadings.

ID.—RESIDENCE JURISDICTIONAL PREREQUISITE TO DIVORCE—DETERMINATION ON UNCORROBORATED STATEMENTS OR ADMISSIONS OF PARTIES.—The residence prescribed by section 128 of the Civil Code is essential to the jurisdiction of a court to grant a divorce, and the complaint must allege such residence. The question whether such residence exists as matter of fact is to be determined by the trial court, but in its determination that court is controlled by the provisions of section 130 of the Civil Code, and cannot act on the uncorroborated statement, admission, or testimony of the parties.

ID.—REVERSAL OF JUDGMENT—AFFIRMATIVE SHOWING OF WANT OF CORROBORATION.—A judgment of divorce must be reversed where the bill of exceptions affirmatively shows that the trial court failed to require the essential proof of residence, and that it acted entirely, so far as that question was concerned, on the uncorroborated admissions and statements of the parties.

ID.—ABSENCE OF FINDING AS TO RESIDENCE—COLLATERAL ATTACK.—It is not essential to the validity of a divorce decree as against collateral attack that there should be an express finding of fact on the question of the essential residence, or, indeed, express findings of fact on any question.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Breen & Kelly, for Appellant.

Charles F. Hanlon, and Louis H. Brownstone, for Respondent.

ANGELLOTTI, C. J.—This is an action for divorce. Plaintiff was awarded an interlocutory decree, from which defendant appeals. The judgment was reversed by the district court of appeal of the third district, solely on the ground that there was no express finding that plaintiff had resided in the state or in the county in which the action was brought for the periods specified in section 128 of the Civil Code, that section providing that "a divorce must not be granted unless the plaintiff has been a resident of the state one year, and of the county in which the action is brought three months, next preceding the commencement of the action," and also that there was no evidence adduced on the trial to show such residence. The decision of the district court of appeal was vacated and the case ordered transferred to this court for determination because we were not satisfied as to the correctness of certain views expressed by that court in its opinion.

Plaintiff's complaint contains a sufficient allegation of residence in accord with the provisions of said section 128 of the Civil Code, it being alleged that "said plaintiff resides in the City and County of San Francisco, State of California, and has resided in said city and county for more than four years next immediately preceding the commencement of this action." Any suggestion that such allegation is defective for the reason that it is not in so many words alleged that such residence was "bona fide" is unwarranted by anything contained in the statute, and if anything to the contrary is intimated by language used in Coleman v. Coleman, 23 Cal. App. 423, [138 Pac. 362], it must be considered as disapproved. Of course, the residence must be bona fide as a matter of fact, or it is not residence at all. The allegation of residence here necessarily implies residence in good faith, and entirely measures up to the requirement of the statute.

The allegation of residence was not denied by the answer. In fact, in her cross-complaint, stating a cause of action for permanent support and maintenance under section 137 of the Civil Code, defendant alleged that both parties were, and for more than one year next preceding the commencement of the

action had been, residents of the city and county of San Francisco. The bill of exceptions, which affirmatively states that it "contains all of the testimony introduced and all of the proceedings had on the trial of said action," shows that no actual proof of residence was required, and that the court accepted the admission of the parties on that proposition, it being stated simply that "it was admitted that . . . the plaintiff had resided in San Francisco, as set forth in the complaint." The court made no express finding as to residence.

In the ordinary case, of course, it would be a complete answer to any suggestion of error warranting reversal under these circumstances, that the allegation of residence was admitted by the pleadings, and also expressly admitted by the parties on the trial. This would obviate the necessity of either proof or finding. But under our law an action for divorce is *sui generis*. The well-settled policy of the law is to protect the marriage relation and to prevent its dissolution in any case, even where the parties consent to or desire its dissolution, unless cause recognized by the law as warranting the same exists. Section 130 of the Civil Code provides, as it has ever since the year 1874, that "no divorce can be granted upon the default of the defendant or upon the uncorroborated statement, admission, or testimony of the parties, or upon any statement or finding of fact made by a referee; but the court must, . . . require proof of the facts alleged." The object of this provision is, of course, to prevent the obtaining of a divorce by collusion between the parties, where no lawful ground for a divorce exists. Its effect necessarily is to make it erroneous for a court to grant a divorce in the absence of some proof, independent of the admissions and statements of the parties, of the facts warranting such action. That a party appealing from a judgment of divorce may successfully urge such error as a ground for reversal, even though the essential fact was admitted by the pleadings, appears to follow, and was decided in *Bennett v. Bennett*, 28 Cal. 599.

It must be taken as settled by the decisions that the residence prescribed by section 128 of the Civil Code is essential to the jurisdiction of a court to grant a divorce, and also that the complaint must allege such residence. The question whether the residence essential to jurisdiction exists as

matter of fact is, of course, one to be determined by the trial court, but obviously, in its determination, the trial court is controlled by the provisions of section 130 of the Civil Code, and cannot act upon the uncorroborated statement, admission, or testimony of the parties. This, we think, is clearly the effect of the decision in *Bennett* v. *Bennett*, 28 Cal. 599, which further, as already stated, sustains the right of a party to complain of error in the conclusions of the trial court in this regard, although in such court he had admitted the allegation of residence. In the case at bar the bill of exceptions affirmatively shows that the trial court failed to require the essential proof of residence, and that it acted entirely, so far as that question was concerned, on the uncorroborated admissions and statements of the parties. We are satisfied that under such circumstances the judgment cannot be upheld.

In view of certain language of the opinion in *Coleman* v. *Coleman*, 23 Cal. App. 423, [138 Pac. 362], as well as certain language in the district court of appeal opinion in the case at bar, we deem it proper to add that it is not essential to the validity of a divorce decree as against collateral attack that there should be an express finding of fact on the question of the essential residence, or, indeed, express findings of fact on any question. A conclusion to the contrary would be opposed to the well-settled presumption in favor of the validity of judgments of courts of general jurisdiction, and would not be warranted in the absence of some statutory provision substantially making such express findings essential to the *jurisdiction* of a court to grant a divorce. There is no such statutory provision. The only possible effect of a mere failure to make express findings in such a case is that the judgment may be reversed on an appeal taken by one of the parties. Whether a judgment should even be reversed on an appeal for mere failure on the part of the court to make an express finding on some matter essential to the granting of a divorce, where the fact is admitted by the pleadings, and there is no showing that sufficient proof of the fact was not made on the trial, is a question it is unnecessary here to determine. Here we have the showing that proper and sufficient proof of the essential fact was not made on the trial.

It is urged that if the judgment be reversed, we should order, in the exercise of our discretion, that a new trial be limited to the single issue of residence. We have examined

the record with this suggestion in view, and are of the opinion that no such limitation should be made.

The judgment is reversed.

Henshaw, J., Sloss, J., Melvin, J., and Lawlor, J., concurred.

SHAW, J., Dissenting.—I dissent. I think the case comes within the rule of section 4½ of article VI of the constitution. Furthermore the case was hotly contested in the lower court. There was no collusion. The lack of corroborative evidence was not urged below. The objection should not be allowed to prevail on appeal. It is clearly the result of an after-thought.