[Civ. No. 11021. First Appellate District, Division Two.—May 11, 1939.]

GEORGE H. BRAGG, Sr., Respondent, v. KATHERINE BRAGG, Appellant.

J. E. McCurdy and J. W. Coleberd for Appellant.

Kirkbride & Wilson for Respondent.

NOURSE, P. J.—In an action for divorce plaintiff had judgment from which the defendant has appealed citing, among other grounds, that the plaintiff was not a *bona fide* resident of the county in which the proceedings were held and that his testimony concerning acts of cruelty was not corroborated.

The parties were married in 1926. The plaintiff was then seventy-six years of age and defendant was fifty-five. The plaintiff was a widower and had four adult children. The defendant was a widow and had a married daughter. All maintained their own homes—the defendant's daughter in San Mateo County near where the parties lived, the plaintiff's children each in other counties. On September 14, 1930, the plaintiff left the domicile in Lomita Park, San Mateo County, and informed defendant by letter that he could not live with her longer. She replied in the same manner "your decision suits me perfectly". Thereafter, on November, 1930, this plaintiff commenced two actions against the defendant—one for divorce, the other for cancellation of deeds on the grounds of fraud. He was nonsuited in the first case because there was not sufficient corroboration of his testimony. He had judgment in the second case which was reversed on the ground that there was no evidentiary support for the findings and judgment. (*Bragg* v. *Bragg,* 219 Cal. 715 [28 Pac. (2d) 1046].) In May, 1934, this action was commenced for separate maintenance. In June follow-

ing, an amended complaint was filed seeking a divorce. In January, 1935, the defendant filed a cross-complaint asking for a divorce, and this was followed by a second amended complaint to which an answer was filed. The cause was heard upon these pleadings and an interlocutory decree was entered February 1, 1937.

The charges of cruelty upon which this decree was based covered the same evidentiary matters upon which the fraud action of 1930 was founded and which are outlined in full in the opinion of the Supreme Court reversing the judgment in that action. The answer denied all these charges, and the proof is as unsatisfactory here as it was in the former action, and is without any corroboration when viewed in the light of the former opinion. In addition to these denials the defendant pleaded that the plaintiff had been for many years prior to the filing of the original complaint, and still was, a resident of Santa Clara County.

We confine our discussion to this point. It is one which must be determined upon settled principles. Section 128 of our Civil Code provides that: "A divorce must not be granted unless the plaintiff has been a resident of the state one year, and of the county in which the action is brought three months, next preceding the commencement of the action." Section 130 of the same code provides: "No divorce can be granted upon the default of the defendant or upon the uncorroborated statement, admission, or testimony of the parties."

When the respondent left the appellant in September, 1930, he made his home with his daughter in San Jose, Santa Clara County. He has lived with her continuously since that time. He was a registered voter in San Jose, and participated in the general election of 1934. He was without funds, and was supported by his daughter and three sons. The only property of the two parties is their former home in San Mateo County in which the appellant has resided continuously. This was held in joint tenancy, and was homesteaded by the wife. Since leaving in 1930, the respondent had made no effort to return to his former home. In his own behalf he testified that he intended to spend the rest of his years with his children, one of whom lives in San Jose, one in Fresno, one in Piedmont, and one in Vallejo. He would not return to San Mateo County to live alone, but said there had been some talk of having his daughter move with him to Lomita

Park, if he could get his "affairs straightened out". In this connection he said: "I was trying to arrange it that way, that was our intentions some years ago." If by this testimony he meant that he intended to return to his former home when he recovered that property from his wife, his intentions were dispelled by the decision of the Supreme Court in the case above referred to.

The case thus presents the admitted facts of physical residence and domicile in a foreign county, which the respondent seeks to offset by his declaration that he did not intend his residence to be where he lived and voted, but that he intended it to be in the county where the litigation was pending. The conclusion that a party can thus, by mere swearing, nullify the provisions of the statute requiring residence in the county where the proceedings are maintained is contrary to all the decisions cited to us by both parties. Of course, a residence can be gained or lost only by the union of act and intent, but as the act alone is insufficient, so the intent alone is insufficient. The authorities agree that the intent may be inferred from the act, but none hold that evidence of actual residence can be dispelled by the undisclosed intention of the individual in the face of the admitted facts. The true rule is found in *Felker* v. *Henderson*, 78 N. H. 509 [102 Atl. 623, L. R. A. 1918E, 510], where the court, citing Jacobs Domicil, section 184, said: "Mere intention cannot effect the change, but the intention to remain, coupled with the act of actual residence, establishes the domicile, notwithstanding a floating intention to return at some future time." In the same case the following statement from Story, Conflict of Laws, seventh edition, section 46, is quoted with approval: "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicile, it is to be deemed his place of domicile, notwithstanding he may entertain a floating intention to return at some future period."

But, aside from this, the testimony of the respondent as to his "intentions" is without semblance of any corroboration, either direct or circumstantial. That such proof of a *bona fide* residence, and corroboration thereof, is necessary in proceedings of this nature, see *Bennett* v. *Bennett*, 28 Cal. 599, 602; *Flynn* v. *Flynn*, 171 Cal. 746, 748 [154 Pac. 837]; *Bullard* v. *Bullard*, 189 Cal. 502, 505 [209 Pac. 361]; *Warren*

v. *Warren,* 127 Cal. App. 231, 242 [15 Pac. (2d) 556] ; *Ryder* v. *Ryder,* 2 Cal. App. (2d) 426, 432 [37 Pac. (2d) 1069].
The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1939.