[Civ. No. 12259.   First Dist., Div. One.   Mar. 5, 1943.]

ANNIE ERIKSEN, Respondent, v. SIGURD A. ERIKSEN, Appellant.

William E. Ferriter and James C. Purcell for Appellant.

J. J. Bullock for Respondent.

WARD, J.—Appeal by defendant from a judgment granting plaintiff a divorce on the ground of extreme cruelty, allotting to her all of the community property, much of the separate property of the husband, and also a parcel of real property in the State of Washington purchased during the existence of the marriage.

Plaintiff and defendant married in 1937 and during their residence in California accumulated several pieces of property. In March of 1941, they went to the State of Washington, where they had purchased a piece of ranch property. They took with them two loads of furniture, and defendant advised business acquaintances that he was giving up his business, that of contracting, in this state. The couple retained their California holdings, and rented their home furnished, the rental therefor being applied toward a mortgage on the property. Approximately six months later both returned to California, where plaintiff commenced divorce proceedings. The cross-complaint of defendant gave his residence, also, as California.

Defendant, appellant herein, argues that the court committed reversible error in considering the suit for the reason that there was no corroboration of plaintiff's testimony that she had been a resident of this state for the required statutory period, also in refusing to allow defendant to prove that plaintiff was not a resident of the state for the required period of time, but of the State of Washington; and further contends that there was no sufficient evidence (for lack of corroboration) of extreme cruelty; that the court had no jurisdiction to make an award of the husband's separate property, nor of realty situated in another state. For these reasons he contends that the judgment herein should be reversed and the lower court directed to enter judgment for him.

On the questions of lack of corroboration of the testimony concerning plaintiff's residence, and of cruelty (Civ. Code, sec. 130), of the order awarding defendant's separate property (Civ. Code, sec. 139), and the community property of the parties situated in another state, to plaintiff (*Taylor* v. *Taylor,* 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]), it is admitted by plaintiff that the court erred and that the decree must be reversed.

The sole issue before this court is whether or not there should be an order directing judgment for defendant. Involved in that consideration is the question whether the evidence, as a matter of law, shows that plaintiff was not a resident of this state, and the county of San Mateo, for the statutory period immediately preceding the filing of the complaint. (Civ. Code, sec. 128.)

The evidence shows that plaintiff and her husband resided in San Mateo County, California; that upon their purchase of a ranch in the State of Washington, they lived in that state for six months just prior to the commencement of the present action. Plaintiff testified that at the time she accompanied her husband to Washington it was not her intention to abandon her California domicile. At the trial defendant's counsel made an offer of proof, presumably to show the intention of both parties when they departed for Washington of abandoning their California domicile. The trial court sustained an objection by plaintiff apparently upon the ground that defendant's pleadings admitted residence in this state for the statutory period.

In order to effect a change of residence, there must be a

concurrence in the act of abandonment of one residence with the intent to establish a new residence elsewhere. It is mainly a question of intent, which may be shown by the testimony of the parties, considered in connection with the surrounding circumstances, plus corroboration when essential. (*Bragg* v. *Bragg*, 32 Cal.App.2d 611 [90 P.2d 329].)

█ Ordinarily a failure by way of answer to deny allegations of residence in a complaint, or affirmative allegations in that regard by cross-complaint, preclude the introduction of evidence on that point as the allegation of the pleading is deemed to be admitted. (Code of Civ. Proc., sec. 462.) This rule does not apply in a divorce action for the reason that the state has an interest in the continuance of the marriage contract and specifically prohibits the parties from obtaining a divorce by collusive agreement. (Civ. Code, sec. 114; *Kegley* v. *Kegley*, 16 Cal.App.2d 216 [60 P.2d 482].) In *Bennett* v. *Bennett*, 28 Cal. 599, it was held that while residence is not in itself a ground for divorce, it is the basis upon which jurisdiction rests. In *Flynn* v. *Flynn*, 171 Cal. 746, 748 [154 P. 837], the court said: "The well-settled policy of the law is to protect the marriage relation and to prevent its dissolution in any case, even where the parties consent to or desire its dissolution, unless cause recognized by the law as warranting the same exists. Section 130 of the Civil Code provides, as it has ever since the year 1874, that 'no divorce can be granted upon the default of the defendant or upon the uncorroborated statement, admission, or testimony of the parties, or upon any statement or finding of fact made by a referee; but the court must, . . . require proof of the facts alleged.' The object of this provision is, of course, to prevent the obtaining of a divorce by collusion between the parties, where no lawful ground for a divorce exists. Its effect necessarily is to make it erroneous for a court to grant a divorce in the absence of some proof, independent of the admissions and statements of the parties, of the facts warranting such action. That a party appealing from a judgment of divorce may successfully urge such error as a ground for reversal, even though the essential fact was admitted by the pleadings, appears to follow, and was decided in *Bennett* v. *Bennett*, 28 Cal. 599."

█ Proof of residence is essential to jurisdiction, and a valid decree may not be founded upon a simulated residence.

(*Warren* v. *Warren*, 127 Cal.App. 231 [15 P.2d 556].) A divorce obtained with the aid of an assumed residence as one of its bases is not in good faith. (*Kegley* v. *Kegley*, *supra.*) ▮ Parties may not by consent confer jurisdiction. (*Ryder* v. *Ryder*, 2 Cal.App.2d 426 [37 P.2d 1069].) ▮ If it was necessary that plaintiff prove residence—which must be conceded—it was the right of the defendant to introduce evidence contradictory or inconsistent with her claim in that regard. Notwithstanding the pleadings, he should have been permitted to introduce evidence that plaintiff was not a resident of the county of San Mateo, State of California for the period provided in the statute. (*Flynn* v. *Flynn*, *supra.*) However, the contention of appellant—that the cause be remanded with directions to enter judgment "that plaintiff take nothing by her complaint" is without merit. Upon the admissions by respondent of error, and for the reasons stated herein, the judgment is reversed.

Peters, P. J., and Knight, J., concurred.