[Civ. No. 16512. First Dist., Div. Two. Sept. 12, 1955.]

JACK KARP et al., Appellants, v. PIERSON JACOBS, Respondent.

Harold D. Cutler and Howard I. Paulson for Appellants.

Lange & Rockwell, C. Dan Lange and Clyde R. Rockwell for Respondent.

NOURSE, P. J.—Plaintiffs sued for the rescission of a written contract for the sale of a cleaning business. They had judgment on the ground of false representations of defendant as to his promise not to compete in the same business within a distance of 2 miles from the business premises, which promise was breached. A new trial was, however, granted and the appeal is from said order.

The motion for a new trial was made on the grounds of insufficiency of the evidence, errors at law and that the judgment was against the law, but insufficiency of the evidence is not specified in the order so that it is conclusively presumed that the order was not based on that ground (Code Civ. Proc., § 657). Considering that upon an appeal from an order for a new trial all presumptions favor the order as against the judgment and the order will be affirmed if it may be sustained on any ground (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]), we shall uphold the order on the ground that the judgment is against law in the following respect. The judgment of rescission orders de-

fendant to return to plaintiffs the full amount paid on account of the purchase of the business with interest and to hold them free from and discharge their obligations as lessees under the lease of the business premises, but does not order any restoration by plaintiffs, notwithstanding the fact that the partial transcript filed shows that plaintiffs took possession of the business and conducted it for their own account and notwithstanding the absence of any finding with respect to the question whether there was anything of value to restore for equipment or profits or otherwise. ██ For a judgment of rescission restitution of benefits by plaintiff is essential (*Joshua Tree T. Co.* v. *Joshua Tree L. Co.*, 100 Cal.App.2d 590, 596 [224 P.2d 85]; *Alder* v. *Drudis*, 30 Cal.2d 372, 384 [182 P.2d 195]). ██ As there was no finding with respect to the material question of possible benefits obtained by plaintiffs the court could consider a reexamination of the facts necessary in order to determine this point. The granting of a new trial is then justified on the ground that the judgment is against law. (Compare *Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 383 [215 P.2d 487].) Other grounds adduced to justify the order need not be discussed.

Order affirmed.

Dooling, J., and Kaufman, J., concurred.