[Civ. No. 16605. First Dist., Div. Two. Mar. 20, 1956.]

ROBERT I. RETHERS, Respondent, v. HARRIET ROSE RETHERS, Appellant.

B. W. Hirschberg for Appellant.

Dean Cunha for Respondent.

NOURSE, P. J.—This is an appeal from an order granting a new trial. Plaintiff, husband, sued for divorce on the ground of cruelty alleging residence for the required period in the city and county of San Francisco. Defendant, wife, cross-complained on the grounds of wilful desertion and ex-

treme cruelty and also alleged residence for the required period in the city and county of San Francisco. No evidence was presented on the husband's complaint. At the trial of the wife's cross-complaint both she and a son of hers by a former marriage testified to her residence in San Francisco during more than the required period. An interlocutory decree in her favor was duly entered on the cross-complaint. The husband moved for a new trial on five of the statutory grounds, one of which was "insufficiency of the evidence to justify the judgment and that said judgment is against law." The order granting the motion for a new trial, from which the wife appeals, does not contain any designation of the grounds on which it is based.

The husband urged three points in support of his motion in the trial court and he urges the same points on appeal in support of the order. Only with respect to the first one has appellant briefed her position.

1. The contention that the lack of legally corroborated evidence of the residence requirement of the husband justified the granting of the new trial is without merit. It is true that in that respect there was no other corroboration than the admission and testimony by the wife, and that, if the husband had been the plaintiff on whose complaint the judgment was granted, such would have vitiated the judgment as a matter of law. (*Eriksen* v. *Eriksen*, 57 Cal.App.2d 532, 535-536 [134 P.2d 825].) However, the judgment was granted on the cross-complaint of the wife and her testimony as to her residence was duly corroborated. ■ Except with respect to the requirement of one final judgment, an action on a cross-complaint is considered a separate action in which the original defendant is the plaintiff. ■ "These cross-actions . . . are . . . distinct and independent causes of action, so that when properly interposed and stated the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant." (*Pacific Finance Corp.* v. *Superior Court*, 219 Cal. 179, 182 [25 P.2d 983, 90 A.L.R. 384]; *Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, 603 [220 P.2d 912].) In *Coggins* v. *Superior Court*, 127 Cal.App. 412 [16 P.2d 148], this court held that the fact that a court had no jurisdiction over the subject matter of the original complaint did not prevent it from deciding the action on the cross-complaint if that action was within its jurisdiction. In *Pacific Finance*

*Corp.* v. *Superior Court, supra,* it was held that the involuntary dismissal of the original action does not require dismissal of the cross-action. ■ In the present case the lack of proof of a jurisdictional requirement of the original action cannot destroy the court's jurisdiction of the cross-action when the jurisdictional requirements of the cross-action are independently proved. ■ The provision of section 128 of the Civil Code which exempts the cross-complainant from the residence requirement (if the original complainant is a resident as required by that section) does not imply that with respect to the cross-action the residence requirement cannot be fulfilled by the residence for the required period of the cross-complainant, the actual plaintiff in the cross-action. No case in this state has been cited or is known to us which holds that such is insufficient. In *Bullard* v. *Bullard,* 189 Cal. 502, 504 [209 P. 361], it was said: ''There is much reason for concluding that in construing this section [Civ. Code, § 128], as applied to a case wherein the action is for separate maintenance with a cross-action for divorce, the word 'plaintiff' should be construed to mean 'cross-complainant.' '' However, it was there held unnecessary to decide the point. In *Coleman* v. *Coleman,* 23 Cal.App. 423 [138 P. 362], it was held that a cross-complainant who is not a resident of the state or the county in which the action is brought is not entitled to affirmative relief unless proof is offered that the plaintiff has resided in the jurisdiction for the requisite period. The court then continued: ''Without proof at the trial that one of the parties to the action had resided in the state and county for the necessary period, the court can never acquire jurisdiction to grant a divorce to one or other of the parties.'' (P. 425.) Accordingly it is said in 16 Cal.Jur.2d 355: ''A cross complainant . . . need not be a resident to entitle him to a divorce, unless the plaintiff has not resided in the state for the statutory period. Without proof that at least one of the parties has resided in the state and county for the necessary periods, the court cannot acquire jurisdiction to grant a divorce to either.'' ■ We hold that in a cross-action for divorce it is sufficient that the cross-complainant alleges and proves either that the original plaintiff or that the cross-complainant has been a resident of the state and county for the period required by section 128, *supra.*

■ 2. Respondent contends that the granting of the new trial is justified by the excessiveness of the permanent ali-

mony granted the wife ($75 a month for five years), relying on *Hall* v. *Hall,* 42 Cal.2d 435, 440, 442 [267 P.2d 249], for the court's discretion to grant a new trial on that ground. It must be noted that insufficiency of the evidence is not specified in the order so that it is conclusively presumed that the order was not based on the ground that the evidence did not support alimony to that extent. (Code Civ. Proc., § 657.) At most could the granting of a new trial be considered justified on the ground that the judgment was against law if the evidence would be insufficient in law to support such award and without conflict in any material point. (*Verzola* v. *Russi,* 135 Cal.App.2d 330, 332 [287 P.2d 166] and cases there cited.) Such is not the case. The evidence is not without conflict as to the income of the wife, she testifying that it was only $150 a month in the last and best year, the husband that he evaluated it at $300 a month. There was further evidence favorable to the award to the effect that at the time of the trial the wife was 59 years old, that her income as partner in a bridge studio was uncertain, that she was under medical care, that for a reasonable standard of life she needed $250 a month in total, that the husband in the last year had earned $2,800 before deductions as a post office employee and owned separate property found by the court to amount to $50,000, based on his testimony that he had inherited $14,000 from an aunt and that he was entitled to a share in the estate of his deceased mother of which he testified that he did not know the size but that the estate totaled more than $50,000. Under this evidence it cannot be said that a total alimony award of $4,500 over five years is against law.

3. Respondent contends that it was error for which the trial court could grant a new trial to award all community property to the wife without deducting community debts or making any provision for their discharge. There was evidence of both parties showing that there were debts and appellant neither on the motion for a new trial nor on appeal denied that there were community debts. No finding is made as to the extent of said debts. The interlocutory decree awarded to the wife all the community property which had been found to exist. In *McKannay* v. *McKannay,* 68 Cal. App. 701, 707-708 [230 P. 214], it is said: "It is doubtless true that the community property which shall be distributed upon a dissolution of the community by divorce is the residue which remains after the discharge of the community obligations. (Citations.) It does not appear clearly, however,

. . . whether or not the debts in question, . . . were incurred for the benefit of the community. . . . Before a division of the community property can be made legally, the nature of those debts must be definitely ascertained. If it be determined as a fact that they are community debts, then they should be deducted from the gross value of the community property before a division thereof is made.'' (See also 16 Cal.Jur.2d 593; *Johnston* v. *Johnston*, 33 Cal.App.2d 90 [91 P.2d 142].) As in our case there was no finding with respect to the material question of community debts the court could consider reexamination of the facts necessary in order to determine this point and a lesser award of community property to the wife could require reexamination and increase of the alimony. The granting of a new trial is thus justified on the ground that the judgment is against law. (*Karp* v. *Jacobs*, 135 Cal.App.2d 388 [287 P.2d 400]; *cf. Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 383 [215 P.2d 487].)

An order for a new trial will be affirmed if it may be sustained on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].)

Order affirmed.

Dooling, J., and Kaufman, J., concurred.