McLAUREN F. PICKERING *vs.* CITY OF CAMBRIDGE.

Middlesex.    Nov. 10, 1886. — March 23, 1887.    HOLMES & GARDNER, JJ., absent.

In an action to recover the amount of a tax assessed upon the plaintiff's estate by the city of C., the plaintiff contended that he had changed his domicil from C. to a town in another State about the month of October, 1881 ; and offered evidence that, in the autumn of 1880, he declined to accept a nomination for the common council of C., or to serve if elected, " on the ground that he had no connection with, or interest in, the affairs of C." *Held*, that this evidence was rightly excluded.

In an action to recover the amount of a tax assessed upon the plaintiff's estate by the city of C. on May 1, 1883, the plaintiff contended that, about October, 1881, he had changed his domicil from C. to the town of G. in another State.    It appeared that in May, 1881, he became the owner of the homestead farm in G.

on which he was born. He offered evidence of a statement, made by him upon his farm in G. in November, 1881, to the superintendent, when giving him instructions in regard to work' to be done upon the farm, " that he had now made G. his residence and domicil, and that he wished to be taxed there, and to vote there, and to become a citizen of the town, and that he had left C. as a resident." The plaintiff also offered in evidence a statement, made by him at C. in the autumn of 1881, to one P., a witness, when the plaintiff requested P. to go to G. and " make and report to him an estimate of the expense of making certain repairs and improvements in the house in G.," that the plaintiff " had changed his residence from C. to G., and that he was no longer an inhabitant or citizen of C." *Held,* that it could not be said that the judge, who tried the case without a jury, erred in excluding the evidence offered.

CONTRACT to recover the amount of a tax assessed upon personal estate of the plaintiff on May 1, 1883, and paid under protest. Trial in the Superior Court, without a jury, before *Rockwell,* J., who found for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*F. Goodwin,* for the plaintiff.

*C. J. McIntire,* for the defendant.

FIELD, J. It is the policy of the law that no person shall escape civil responsibility for want of a domicil, and therefore it is held that every person retains his domicil of origin until he has acquired another, and that he cannot abandon his domicil, whether original or acquired, unless and until he acquires another. The fact of domicil is shown by acts of residence, with the intention of making the place of residence a home. A man cannot elect to make one place his home for the general purposes of life, and another place his home for the purpose of taxation. So far as the right or the liability to be taxed depends upon domicil, it is an incident of domicil. The controlling reason why a man changes his domicil may be in order to avoid taxation in the place where he was domiciled; but, to accomplish this, he must actually change the place of his home. He cannot elect to be taxed in one place rather than another, except by living in the place and making it the place of his principal residence. Whether the residence is continuous or occasional, whether it is intended to be temporary or permanent, and the purposes for. which the residence is established or continued, are facts which are relevant in determining whether the residence is of such a character as to constitute a domicil. But a change in the domicil of a person cannot be effected by an

intention in the mind to make the change, unless it is accompanied by an actual change in the place of abode.

The plaintiff had acquired a domicil in Cambridge, and the issue of fact was whether he had abandoned this domicil and acquired another in Greenland, New Hampshire. The plaintiff contended that he had changed his domicil from Cambridge to Greenland on or about October, 1881.

The court rightly excluded the evidence that the plaintiff, in the autumn of 1880, declined to accept a nomination for the common council of the city of Cambridge, or to serve if elected, " on the ground that he had no connection with, or interest in, the affairs of Cambridge." Such evidence, if admissible under any circumstances, could only be admissible upon the question whether at that time he was domiciled in Cambridge; and this was not in dispute. As evidence that the plaintiff's interest in Cambridge was slight, and therefore that it was probable that he would some time break the connection, it is too indefinite and remote to be admitted as evidence to show that he afterward actually abandoned his domicil in Cambridge and acquired another in Greenland.

The second exception is to the exclusion of the statement made by the plaintiff upon the farm at Greenland, in November, 1881, to the superintendent, when giving him instructions in regard to work to be done upon the farm. The statement was, " that he had now made Greenland his residence and domicil, and that he wished to be taxed there, and to vote there, and to become a citizen of the town, and that he had left Cambridge as a resident."

The third exception is to the exclusion of what the plaintiff said at Cambridge, in the autumn of 1881, to one Packer, a witness, at the time the plaintiff requested Packer to go to Greenland and "make and report to him an estimate of the expense of making certain repairs and improvements in the house in Greenland." The plaintiff then " stated to the witness that he, the plaintiff, had changed his residence from Cambridge to Greenland, and that he was no longer an inhabitant or citizen of Cambridge."

The ground on which the declarations of a person in his own favor have been admitted as evidence of domicil, or a change of

domicil, is that they accompany acts done, and tend to explain and qualify the meaning of the acts, or, in other words, that the declarations are a part of the *res gestœ.* The declarations in the present case are in the plaintiff's favor, and were made to persons who in no respect represented either the city of Cambridge or the town of Greenland, and they are inadmissible as evidence, unless they are to be admitted as a part of the *res gestœ. Wright* v. *Boston,* 126 Mass. 161. *Weld* v. *Boston,* 126 Mass. 166. *Borland* v. *Boston,* 132 Mass. 89.

This court has felt the necessity of confining this exception to the general law of evidence to very narrow limits, in order to exclude hearsay, and to prevent parties from making evidence for themselves; and, since parties have been permitted to testify, there is perhaps an additional reason why great strictness should be used in admitting as evidence the declarations of a party in his own favor, when made in the absence of the other party.

If the declarations are narrative of a past occurrence, they cannot be admitted. The acts done must be admissible in evidence, and the declarations must accompany the acts, and be so connected with them as to characterize them, or to indicate the purpose and intention with which the acts were done.

It appears by the exceptions, that the farm in Greenland was the homestead where the plaintiff was born, and where he had resided for most of the time up to 1867 ; that he then took up his residence in Cambridge ; that by the death of his mother, in May, 1881, the plaintiff and his brother became, under her will, owners of the homestead as tenants in common ; that his brother " vacated the Greenland homestead and went West" in November, 1881, and that, since that time, the plaintiff has had exclusive control of the estate, " and put an elderly female relative into the Greenland homestead;" and " that one Dearborn was the superintendent of said farm, and had been such for many years."

The plaintiff's wife died in February, 1881, leaving the plaintiff with one child, a son, who was an undergraduate in Harvard College from 1878 to 1882, and who has continued, since his mother's death, to live in the house at Cambridge, which the plaintiff bought and had conveyed to his wife in 1869, and which they both occupied until she died. It does not

appear where the plaintiff has lived since the death of his wife. For aught that appears, he may have lived with his son in Cambridge until after the tax he now sues to recover was assessed upon him. Since 1881, he has been in Greenland on the first day of April of each year, and in New York City on the first day of May of each year, and he has paid taxes in Greenland, and has voted there once; but it does not appear that he has in any way made the house or the farm in Greenland his home by occupying it, or by having any furniture or personal effects in it. It does not appear that he has repaired or fitted up this house with any intention of permanently occupying it himself. The plaintiff, for aught we know, may have acted upon the theory that a determination in his own mind to consider himself an inhabitant of Greenland, and an election to be taxed there, and to vote there, established his domicil there, although he may have lived and continued to have his home somewhere else.

So far as the declarations excluded were statements of a past fact, namely, that he had changed his residence from Cambridge to Greenland, they may be considered as narrative. So far as they relate to the directions given for the work to be done upon the farm, if they do relate to this work, it does not appear that they were made in connection with any acts of living upon the farm, or of personally occupying it as a place of residence, or with any intention of so occupying it. So far as they relate to an estimate to be made of the expense of repairing and improving the house, it does not appear that these repairs and improvements were ever made, or that the estimate was requested for the purpose of repairing and improving the house for the plaintiff's residence. The court trying the case without a jury had all the evidence before it, and we have but a part. It may have appeared that there was no evidence that the plaintiff, after his wife died, ever actually resided, in any sense, upon the farm, or intended to reside upon it. We cannot say that the declarations were not rightly excluded.

*Exceptions overruled.*