## BURGESS V. BURGESS.

1. A complaint alleging ownership and possession of land by defendant by virtue of a valid entry under the timber culture laws; an agreement in writing by defendant to convey the land to plaintiff as soon as he made final proof; the making of final proof by, and the issuance of a patent to, defendant; the performance by plaintiff of all conditions of the agreement on her part; the compliance by defendant at the time of making said agreement with the timber culture laws of the United States; and that, since the making of final proof and reception of the

patent by defendant, plaintiff has duly demanded a conveyance of said tract in accordance with the agreement, which defendant has refused to make—states a cause of action for specific performance.

2. In an action for specific performance of a contract for conveyance of land It was shown that, the marital relations of the parties being unsatisfactory, defendant, who was contemplating divorce, wrote to plaintiff: "I * * * will prove up the land and send you the deed as soon as possible. All I ask is a mutual settlement and bill, for which I will pay all costs, using the lightest cause possible." Held, that the agreement was not collusive, under Comp. Laws 1887, § 2568, defining collusion as "an agreement between husband and wife that one shall commit or appear to have committed or to be represented in court as having committed, acts constituting a cause of divorce for the purpose of enabling the other to obtain a divorce," although, relying on such agreement, plaintiff did not appear in the divorce proceedings.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Brule county, Hon. FRANK B. SMITH, Judge.

Action by Agnes Burgess against Myron E. Burgess. From a judgment for plaintiff, defendant appeals. Affirmed.

*G. P. Harben,* for appellant.

Any agreement that the defendant in a divorce suit will not make a defense, or having for its object a dissolution of a marriage contract or design to promote and facilitate a divorce is void, because opposed to the policy of the law, and any promise founded on such agreement is also void. Sayles v. Sayles, 21 N. H., 319; Cross v. Cross, 58 N. H., 373; Viser v. Bertrand, 14 Ark., 267; Stontenberg v. Lybrand, 13 Ohio St., 228; Kilbourne v. Field, 78 Pa., 194; Adams v. Adams, 25 Minn., 72; Muckenberg v. Holler, 29 Ind., 139; Phillips v. Thorn, 10 Ore., 494.

*James Brown,* for respondent.

An agreement made by the husband, in view of the separ-

ation that existed, to make provision for his wife and child while the separation lasted, is valid and not contrary to public policy. Comp. Laws, section 2591, Schmieding v. Doliner, 10 Mo. App. 15 Am. & Eng. Ency. of Law, 956.

HANEY, P. J. This is an action to compel the specific performance of a contract to convey real property. The plaintiff in her complaint states her cause of action as follows:

"(1) That at the times hereinafter mentioned the defendant was lawfully possessed of the following real estate, situated in the county of Brule, in the state of South Dakota, to wit: The southwest quarter of section 1, township 104 north, range 68 west fifth P. M., under and by virtue of a valid and subsisting entry of said land made by the defendant under the timber culture laws of the United States; that defendant was duly qualified to make such entry when the same was made, and said land was subject to entry under the timber culture laws of the United States.

"(2) That on March 26, 1897, the defendant agreed, in writing, to convey said tract of land to plaintiff as soon as he made final proof of his complicance with the timber culture laws, and of his right to a patent for said land.

"(3) That in the month of December, 1899, the defendant made such final proof, which proof was duly approved by the proper officers of the Land Department of the United States, and a patent for said land has been duly issued to the defendant by the United States, and defendant is now the owner of said land, and the same is of the reasonable value of $800.

"(4) That plaintiff has duly performed all the conditions of the agreement for the conveyance to her of said land required by said agreement to be performed on her part.

"(5) That, at the time of making said agreement to convey said land to plaintiff, the defendant had fully complied with the timber culture laws of the United States under his said entry of said tract, and could then have made final proof for said tract, had he so desired.

"(6) That since he made said final proof, and received the patent therefor, plaintiff has duly demanded of defendant that he convey to her said tract of land in accordance with said agreement, but defendant refuses to make such conveyance, and he has not executed to plaintiff any conveyance of said land, or of any part thereof."

The first and third paragraphs of the complaint are expressly admitted in the answer, and the others are denied. The court below found the facts to be as alleged in the complaint, and gave judgment for the plaintiff. Defendant appealed from the judgment, and from an order denying his application for a new trial.

It was stipulated by the parties that the following statement of facts might be read in evidence by either party, "subject to any objections as to competency, relevancy, and materiality" that the other party might desire to make: "The plaintiff and defendant were married to each other on September 11, 1885, and lived together as husband and wife until about April 17, 1897, about which time the plaintiff left defendant and went to the state of Iowa, and on May 17, 1898, the defendant in this action obtained a divorce from plaintiff on the grounds of desertion; such divorce being obtained in this court after service of the summons upon the defendant in the state of Iowa. That in the month of March, 1897, the plaintiff herein was in the state of Iowa on a visit, and at that time the martial relations

between the parties were unsatisfactory, and on March 26, 1897, the defendant herein wrote to the plaintiff herein a letter, in which, after relating the misery he had endured, owing to the incompatibility of their dispositions, he said: 'I am not to blame for being constituted so and cannot stand it as I have done longer. As to our dear one, I trust she will be even better under your care alone than could possibly be with two extremes to guide her; but remember she has some of her poor father's warmth in her heart and must be appreciated and not crushed, or her life will be one of misery, too, may God help you both, I shall furnish her support always, and send you any and all we have that you wish, and will prove up the land and send you the deed as soon as possible, All I ask is a mutual settlement and bill, for which I will pay all costs, using the lighest cause possible.' That the land referred to in said letter was the same land described in the complaint herein, and was the only public land on which defendant had a subsisting entry or could prove up. That plaintiff, relying on the promise in said letter that the defendant would support their only child, and would convey to plaintiff said land, made no appearance in said action of divorce, and made no claim for alimony or support either for herself or the child of the parties hereto. That defendant has failed and refuses to convey to plaintiff said land (the same being the southwest quarter of section 1, township 104, range 68, in said Brule county), or any part thereof. That on November 12, 1900, plaintiff, through her attorney, James Brown, sent to defendant for execution a deed of conveyance of said land to plaintiff, and requested defendant to execute the same, which he refused to do, and he has not conveyed said land to plaintiff."

Defendant objected to the introduction of the agreed statement of facts on the grounds (1) that the complaint failed to state a cause of action; and (2) that it appeared on the face of the statement and complaint that the contract sought to be enforced was illegal, contrary to public policy, and void. The overruling of this objection is assigned as error. It is clear from a mere inspection of the complaint that it states facts sufficient to constitute a cause of action. Assuming that the ruling on the introduction of the agreed statement properly involved a decision upon the legality of the contract sought to be enforced, we will proceed to consider the legal effect of the facts established by such agreed statement. A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them and of their children, during such separation. Comp. Laws 1887, § 2591. Marriage can be dissolved only by the death of one of the parties, or by the judgment of a court of competent jurisdiction, decreeing a divorce of the parties. Comp. Laws 1887, § 2558. Divorces must be denied upon the showing of collusion. Comp. Laws 1887, § 2566. Collusion is an agreement between husband and wife that one of them shall commit, or appear to have committed, or to be represented in court as having committed, acts constituting a cause of divorce, for the purpose of enabling the other to obtain divorce. Comp. Laws 1887, § 2568. Contracts are unlawful which are contrary to an express provision of law, which are contrary to the policy of express law, though not expressly prohibited, or which are otherwise contrary to good morals. Comp. Laws 1887, § 3577,

17 S. D.—4

As the alleged unlawfulness of the contract sought to be enforced in this action rests alone on the ground of collusion, its validity should be tested by the legislative definition of "collusion," as given in connection with the granting of divorces. The law of this state expressly permits contracts between husband and wife with respect to the property of each, but forbids certain agreements, as collusive, which are intended to alter or to promote the dissolution of the relation of husband and wife. Contracts relating to alimony are being constantly made and enforced, while agreements which contravene the policy of the law in relation to granting divorces are everywhere regarded as illegal. To which class does the contract in this action belong? The answer to this inquiry depends upon the intention of the parties as shown by the facts contained in the agreed statement. An interpretation which gives effect is preferred to one which makes void Comp. Laws 1887 § 4728. All persons are presumed to have acted lawfully. Unless clearly inconsistent with any reasonable view of the agreed facts, it should be inferred that these parties did not intend to violate the law, or to do any wrongful act. This, in substance, is all that is shown, tending to prove collusion: The marital relations of the parties being unsatisfactory, the defendant wrote to the plaintiff: "I * * * will prove up the land and send you the deed as soon as possible. All I ask is a mutual settlement and bill, for which I will pay all costs, using ing the lighest cause possible." This was an unconditional promise to convey the land. The plaintiff was not asked to commit, or to appear to have committed, or to be represented in court as having committed, any act constituting a cause for divorce. She was not asked to refrain from appearing in the

contemplated action for divorce, nor does it appear that she ever agreed to refrain from making a defense    It is true that she did not appear, relying, as she had a right to, on the defendant's express promise, and was thus deprived of an opportunity to have her property rights and the property rights of her daughter determined by the court.    But it does not affirmatively appear, and we think it cannot be inferred, that she made any agreement as a consideration of receiving the land, which, if shown, would have required the court to deny her husband a divorce on the ground of collusion.    We think the transaction can and should be regarded as an agreement merely affecting property rights, and not as one which contravenes the policy of the law, or which was otherwise contrary to good morals.    The letter referred to in the agreed statement was itself received in evidence, but, as it contained nothing different in effect from the contents of the agreed statement, it demands no further attention.

The judgment of the circuit court is affirmed.