AARON COVER, Appellee, v. L. W. HATTEN, Treasurer of Iowa County, Iowa, Appellant.

**Taxation:** ASSESSMENT OF MONEY AND CREDITS: RESIDENCE. Money and credits are to be assessed where the owner "lives" and this is the equivalent of his "place of residence" for the purposes of taxation; and when one has acquired a place of residence it will be presumed to continue until he affirmatively shows that he has made an actual change; mere intent of change is not sufficient.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

THURSDAY, OCTOBER 24, 1907.

SUIT in equity to enjoin defendant from selling plaintiff's property for taxes of the years 1899, 1900, 1901, and 1902. It is claimed that the assessments were and are illegal, for the reason that they were upon moneys and credits, and that at the time they were levied plaintiff was a resident of Keokuk, and not of Iowa, county. The trial court granted the relief prayed, and defendant appeals.— *Reversed* and *remanded.*

*Popham & Havner* and *W. E. Wallace,* for appellant.

*C. Hedges,* for appellee.

DEEMER, J.— The sole question presented by this appeal is one of fact. It is this: Where was plaintiff's residence and domicile on the 1st days of January in the years 1899, 1900, 1901, 1902? That his original residence and domicile from the year 1856 down to the year 1899 was in Iowa county is conceded; but it is contended that in December of the year 1898 he changed his residence to Keokuk county, and that he has lived there ever since. The testimony, as we think, shows that plaintiff never changed his original residence and domicile, which is conceded to have been in Iowa county down to the month of December in the year 1898. True, during the very last days of the years in question plaintiff made trips into Keokuk county taking some items of wearing apparel with him and went to the home of his sons, where he remained for a short time, returning finally to Iowa county and to his home, which remained furnished and in order. There he kept a horse and cow for personal use, which he never disposed of; there he had a business which demanded and received his personal attention; there he had a farm which he personally managed; and there to all intents and purposes he made his home. True, he made many declarations to the effect that he had changed his residence to Keokuk county and intended to make that his home, but these seem to have been for taxation purposes only. His conduct belies the claim that he had in fact changed his residence. He never in fact established a residence in Keokuk county, and, in the absence of some evidence of an abandonment of the old, that will continue to be his residence for the purposes of taxation. He did not vote in either county, nor did he set up an establishment in Keokuk county. His home, the place to which he returned each time after his short visit to the

neighboring county on or about January 1st of each year, was in Iowa county. This he never abandoned, save in his mind, and evidently for the purpose of escaping the burdens of taxation. True, he paid taxes in Keokuk county, but this does not relieve him from paying where he should. We shall not set out the testimony upon which we base our conclusions in detail. It is sufficient to state our conclusions, and this we have done. Code, section 1313, provides that moneys and credits shall be listed and assessed where the owner "lives," and this has been held to be the equivalent of "residence." *Nugent v. Bates,* 51 Iowa, 77; *Barber v. Farr,* 54 Iowa, 57. And where one acquires a residence, that residence is presumed to continue until he acquires another, and the burden is upon him to show a change and the acquisition of a new residence. *Warren v. Board,* 72 Mich. 400 (40 N. W. 553, 2 L. R. A. 203). This change for purposes of taxation must be something more than a mere intent. It involves a change in place as well. *Pickering v. Cambridge,* 144 Mass. 244 (10 N. E. 827). In other words, the mere intent of the plaintiff to change his residence, no matter how expressed, will not constitute a change, unless there be a change in abode as well. And this change must be something more than colorable. We are satisfied from a perusal of the entire record that plaintiff's intent to change his residence was for the purposes of taxation only, and that he did not in fact acquire a new place of abode.

The decree must therefore be reversed, and the cause remanded for one in harmony with this opinion.— *Reversed* and *remanded.*