ED. GLOTFELTY, Appellant, v. H. L. BROWN, Treasurer of Jefferson County, Iowa.

**Taxation:** MONEYS AND CREDITS : WHERE ASSESSABLE. The place where a person lives, within the meaning of the statute relating to the taxation of moneys and credits, is the place of his residence.

**Same:** RESIDENCE : BURDEN OF PROOF. Where it is shown that the residence and domicile of a party has until recently been in this

state, it is incumbent upon him to show that he has acquired a new residence or domicile elsewhere, to avoid the payment of taxes in Iowa.

**Same.**   Mere intention to change one's place of residence is not sufficient to avoid taxation; it must be accompanied by actual residence in a new location.

*Appeal from Jefferson District Court.*—HON. D. M. ANDERSON, Judge.

THURSDAY, JUNE 16, 1910.

. APPEAL from an assessment of omitted property. *Modified* and *affirmed.*

*J. P. Starr,* for appellant.

*Robert & H. B. Sloan,* for appellee.

SHERWIN J.—Two questions are presented on this appeal. Was the appellant a resident of Jefferson county, Iowa, in January, 1907, when the property in question was listed for taxation? Had the trial court power to render a personal judgment against the appellant for the amount of tax found due?

The appellee concedes that a personal judgment for the amount of the tax should not have been rendered, and this we think is correct. But the error in rendering such a judgment does not affect the merits of the case nor call for a reversal thereof. The residence of the appellant at the time in question is the material matter for determination. He was born in Jefferson County, and lived there until in March, 1906, when he sold the farm upon which he lived, and surrendered the possession thereof. He thereupon rented a house on the same farm, and lived there until in August, 1906. After that, he and his family visited friends in Iowa and Minnesota, and later they went to California, where they remained

until the latter part of March, 1907, when they returned to Jefferson county, Iowa. They rented a house in Fairfield during the summer of that year and in the fall bought a home there, where they have since resided. The appellant did not remove his household goods to California. He did not purchase property there, nor did he vote or pay taxes there. When he went to California, he undoubtedly intended to make that his future home if he found the conditions there satisfactory to himself and family. That he was not well enough pleased with conditions in California to stay there and to make it his permanent home is evidenced by its early return to Iowa. Section 1313 of the Code provides that moneys and credits shall be listed and assessed where the owner "lives," and the place where a person "lives," within the meaning of this section, has been held to be the place of his "residence." *Nugent v. Bates,* 51 Iowa, 77; *Cover v. Halten,* 136 Iowa, 63.

The appellant's residence and domicile had been in Iowa until he left the state in the fall of 1906, and hence the burden was upon him to show that he had acquired a new residence or domicile. *Cover v. Hatten, supra.* A residence or domicile once gained remains until a new one is in fact acquired. A mere intent to change is not alone sufficient. *In re Estate of Titterington,* 130 Iowa, 356; *Cover v. Hatten, supra.* The intention to remain in a new location, coupled with actual residence, is sufficient to effect a change. But the evidence here fails to show the necessary- intent.

The trial court was therefore right in its finding of fact, and the judgment on the merits must be affirmed. There being no authority for a personal judgment for the amount of the taxes, that part of the judgment will be set aside. As thus modified, the judgment is affirmed. As no additional costs were made because of the personal judgment, the appellants will pay all costs.—*Modified and affirmed.*