Appeal of LAWRENCE COUNTY In re FORMAN

(21 N. W.2d 57.)

(File No. 8795.   Opinion filed December 17, 1945.)

**Frank B. Morgan,** State's Atty., of Lake Andes, for Appellant.

**Clinton G. Richards,** State's Atty., of Deadwood, for Respondent Lawrence County.

**R. A. Smiley,** State's Atty., of Belle Fourche, for Respondent Butte County.

SICKEL, J. Anna Forman was committed to the State Hospital for the Insane on May 23, 1935, by the Board of Insanity of Charles Mix county. The Board found that her legal settlement at the time was in Lawrence county. The superintendent of the Hospital held and treated her as a charge against Lawrence county, and filed claims against that county for her board and care at the rate of $20 per month, which claims Lawrence county refused to pay. The matter was brought to the notice of the attorney general, and after investigation he determined that the patient was a proper charge against Lawrence county. Then Lawrence county appealed to the circuit court. The case was tried,

and the court decided that the patient was a proper charge against Charles Mix county. Thereafter Charles Mix county appealed to this court.

The Forman family moved to Charles Mix county in the year 1926 and established that as their legal settlement. They continued to live in that county until March or April, 1934, when they moved to Lawrence county. The question is whether the settlement in Charles Mix county was lost by acquiring a new settlement in Lawrence county.

■ The expense for care, board and keeping of a patient in the Hospital is a charge against the county in which the patient has a legal settlement. SDC 30.0213. Section 50.0102 relating to the care of poor persons defines "legal settlement" as follows:

"Every male person and every unmarried female over the age of twenty-one years, who shall have resided in this state one year and in the county ninety days, shall thereby gain a legal settlement in such county."

Subdivision (1) of the same section provides:

"A married woman shall always follow and have the settlement of her husband if he has any within this state * * *."

■■ While the above statute relates to the care of poor persons, the definition of the term "legal settlement" contained therein is equally applicable to that term as used in the laws relating to the care of insane persons. In re Bigelow, 17 S. D. 331, 96 N. W. 698; In re Mortensen, 68 S. D. 341, 2 N. W.2d 679. If the Formans established a new residence in Lawrence county, and if such residence continued in that county for ninety days, they acquired a legal settlement in Lawrence county and legal settlement in Charles Mix county was lost.

■■ A residence is established by personal presence in a fixed and permanent abode, with the intent of remaining there. Cass County v. Audubon County, 221 Iowa 1037, 266 N. W. 293; 48 C. J., Paupers, §§ 86 and 87; 41 Am. Jur., Poor and Poor Laws, § 24. The evidence in this case shows that Anna Forman was born and reared in Lawrence county. She

married William Forman in Harding county in 1915. Their son was born in 1919. The family moved to Charles Mix county in 1926 and lived there until the first part of March, 1934. At that time they were having some domestic trouble, and the wife went to live with her mother at Lead. She took the boy with her and the transportation was paid by her mother. She also took all her personal belongings, clothes, trunk and other household articles. The husband followed her to Lead three or four weeks later, at her request. Before leaving Lake Andes the husband disposed of or arranged with his brother for the disposition of what property he had there, except a few personal belongings which he took with him to Lead. The husband testified that at the time he left Charles Mix county he planned to make his home in Lead, after he reached Lead, husband and wife were reconciled. They rented a place and the family lived together there until early in August, 1934, during which time he worked at such employment as he could find. Then they moved to Butte county where they lived until Jan. 5,1935, when they returned to Deadwood in Lawrence county, leaving their households goods in Butte county because of the wife's illness. The husband worked at odd jobs. About March 1, 1935, the wife was taken to a county infirmary. Her condition continued to grow worse. The husband testified that the county refused to do anything for her in Deadwood, so he made arrangement to have her taken to the hospital at Pine Ridge. After a couple of weeks he found it necessary to take her to Rosebud. Finding it impossible to have her cared for there, he took her to the home of his brother Clarence on a farm near Lake Andes. The husband testified that he never wanted to go back to Lake Andes but was driven to do so in an effort to get something done for his wife and because he thought his brother and sister living there could help him. At his brother's place the wife became unmanageable and was taken before the Board of Insanity. After a hearing she was committed to the State Hospital. The husband stayed with his brother until about June 17, 1935. He then visited his wife at the State Hospital and from there he went directly to Mission in Todd county

where he continued to live until the time of the trial. From this evidence it appears, and the circuit court found, that the personal presence of the family was in Lawrence county from March or early April, 1934, until the early part of August, 1934. It also appears from this testimony that they left Charles Mix county with no intention of returning, and that they intended to and did establish Lawrence county as a fixed and permanent place of residence, at least as permanent a residence as was possible for a man in his circumstances, and as much of an abode as he was capable of providing; that they intended to remain in Lawrence county. They maintained their residence in Lawrence county for a period of more than ninety days. Therefore, they acquired a legal settlement in Lawrence county and thereby lost the legal settlement previously established in Charles Mix county.

In view of the above conclusions, the circuit court should re-examine and decide the question of whether the legal settlement which was established in Lawrence county was later lost to Butte county.

The judgment and the order denying a new trial are reversed and the cause is remanded.

ROBERTS and RUDOLPH, JJ., and BENSON, Circuit Judge, concur.

SMITH, P.J., took no part in the decision.

BENSON, Circuit Judge, sitting for POLLEY, J.