NELSON, Respondent, v. NELSON, Appellant

(24 N. W.2d 327)

(File Nos. 8845-8855. Opinion filed September 16, 1946.)
Rehearing Denied October 21, 1946.

**Odin R. Davis,** of Sioux Falls, for Appellant.
**Louis H. Smith,** of Sioux Falls, for Respondent.

SICKEL, J. This is an action for alimony. Plaintiff and defendant were married in this state in 1910. They lived together on a farm, and later in Sioux Falls, until some time in October 1941 when plaintiff left her husband in Sioux Falls and went to live with a daughter in California. On August 7, 1943, she commenced an action for divorce and alimony in the Superior Court of California. Defendant was served with process by·publication and made no appearance in the action. On December 3, 1943, an interlocutory decree of divorce was granted, but no division of property and no provision for plaintiff's support was made in the decree, on the ground that the court had no jurisdiction to divide or otherwise dispose of defendant's property. Plaintiff then brought this action against defendant in the circuit court of Minnehaha county asking for a division of the property held by the defendant in this state. The judgment of the circuit court awarded her $10,000. Defendant appealed on the ground that plaintiff was entitled to nothing, and plaintiff appealed on the ground that the award was not large enough.

Defendant contends that the circuit court of Minnehaha county had no power to make a division of property under the circumstances of this case. The great weight of authority is to the effect that where a divorce has been granted to the wife, in another state, on substituted service, and where the husband has made no appearance in the action and has no property in that state, the court granting the divorce has no jurisdiction to award alimony. Under such circumstances the decree of divorce is not res judicata of the subject of alimony. Neither is the subject of alimony an incident to divorce, and it necessarily follows that the right to alimony may be asserted in a separate action in the state where the husband resides and where he has his property. Boens v. Bennett, 20 Cal. App. 2d 477, 67 P.2d 715; Darnell v. Darnell, 212 Ill. App. 601; Woods v. Waddle, 44 Ohio St. 449, 8 N. E. 297; Spradling v. Spradling, 74 Okl. 276, 181 P. 148; Adams v. Abbott, 21 Wash. 29, 56 P. 931; Buckley v. Buckley, 50 Wash. 213, 96 P. 1079, 126 Am. St. Rep. 900; Annotation 42 A. L. R. 1389. In this case the evidence shows that plaintiff sued for divorce in the California courts; that defendant was served by publication; that

he made no appearance in the action; that he resided in the State of South Dakota where all his property was located; that plaintiff petitioned the California court for alimony, and that the court .refused to grant it for lack of jurisdiction over the person of defendant. Under these facts the plaintiff was entitled to bring this action in the circuit court of Minneha county.

■ The pleadings and the proceedings at the trial of this action show that plaintiff based her claim for a division of property on two grounds: First, the agreement; second, the right to alimony. She alleged and introduced evidence to prove that defendant agreed to give her half of all property belonging to him or in his possession if she would go to California and obtain an interlocutory decree of divorce without asking for any alimony or support money, or for any property settlement, and that he would make the transfers of property as soon as possible after the decree of divorce was granted. Defendant denied this testimony. He says that the evidence is insufficient to justify the finding that such a contract was made; that the contract, if made, was not in writing, that it was against public policy, that it was breached by plaintiff in asking for a division of property in the divorce action. The circuit court found that the agreement was made substantially as claimed by plaintiff. The court also found in this case that defendant was the owner of property of the value of $30,000. The court awarded to plaintiff the sum of $10,000, not because she owned such an interest in the defendant's property, nor because of the agreement claimed by the plaintiff, but as an equitable award of alimony payable in gross. So long as the award is not based upon the oral agreement, it is immaterial whether the agreement was made, or whether it was valid so far as the division of property is concerned. A court is not bound by such an agreement "and may adopt or reject it as seems consistent and proper." Shoop v. Shoop, 58 S. D. 593, 237 N. W. 904, 907.

■ It is also claimed that the divorce was obtained by fraud. In support of this contention the defendant argues that the oral agreement referred to above, if made, was a collusive contract for the dissolution of the marriage. Collu-

sion is one of the grounds for denying the divorce. Civ. Code Cal. § 111; SDC 14.0713. Collusion is defined as follows: "Collusion is an agreement between husband and wife that one of them shall commit, or appear to have committed, or to be represented in court as having committed, acts constituting a cause of divorce, for the purpose of-enabling the other to obtain a divorce." Civ. Code of Cal. § 114; SDC 14.0715. This statute was considered by this court in Burgess v. Burgess, 17 S. D. 44, 95 N. W. 279, 281. In that case the facts were that a plaintiff and defendant entered into a stipulation whereby the defendant promised to convey land to the plaintiff. Defendant objected to the introduction of the agreement in evidence on the ground of collusion. The court said: "The law of this state expressly permits contracts between husband and wife with respect to the property of each, but forbids certain agreements, as collusive, which are intended to alter or to promote the dissolution of the relation of husband and wife. Contracts relating to alimony are being constantly made and enforced, while agreements which contravene the policy of the law in relation to granting divorces are everywhere regarded as illegal. To which class does the contract in this action belong? * * * The plaintiff was not asked to commit, or to appear to have committed, or to be represented in court as having committed, any act constituting a cause for divorce. She was not asked to refrain from appearing in the contemplated action for divorce, nor does it appear that she ever agreed to refrain from making a defense. It is true that she did not appear, relying, as she had a right to, on the defendant's express promise, and was thus deprived of an opportunity to have her property rights and the property rights of her daughter determined by the court. But it does not affirmatively appear, and we think it cannot be inferred, that she made any agreement as a consideration of receiving the land, which, if shown, would have required the court to deny her husband a divorce on the ground of collusion. We think the transaction can and should be regarded as an agreement merely affecting property rights, and not as one which contravenes the policy of the law, or which was otherwise contrary to good morals."

■ Here there is no finding of fact to the effect that the agreement was in any way intended to ·alter or promote the dissolution of the marriage. There was no agreement for the commission of any act by the defendant, constituting a cause for divorce, for the purpose of enabling the plaintiff to obtain it. There was no agreement that defendant would refrain from defending the action. In this case, as in the Burgess case, nothing has been shown which would have required the court to deny plaintiff's application for a divorce on the ground of collusion or to set the decree aside on the ground of fraud.

■ Another assignment of error relates to the sufficiency of the evidence in the divorce action to show that plaintiff was a resident of the State of California one year next preceding the commencement of that action, as required by Civ. Code of Cal. § 128. This is a jurisdictional question, as defendant contends. Williams v. State of North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273; Williams v. State of North Carolina, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366; Flynn v. Flynn, 171 Cal. 746, 154 P. 837,; Connolly v. Connolly, 33 S. D. 346, 146 N. W. 581. "A residence is established by personal presence in a fixed and permanent abode, with the intent of remaining there." Appeal of Lawrence County, 71 S.D. 49, 21 N. W.2d 57, 58. At the trial of the divorce action plaintiff testified that she had lived in San Diego county and the State of California more than one year before the commencement of the action, and that she was such resident at the time of the trial; that she had stayed there for two years with her daughter. The daughter testified that she knew of her own knowledge that plaintiff had lived in San Diego county, California, for more than one year immediately preceding the commencement of the divorce action, and was living there at the time of the trial. The words "live" and "reside" are synonymous. They relate to the domicile or place where the person is deemed in law to reside. Shaw v. Shaw, 98 Mass. 158; Cover v. Hatten, 136 Iowa 63, 113 N. W. 470. Defendant also says that the witnesses did not expressly testify that plaintiff intended to make her home in California for an indefinite period of time. However, such intention may be inferred from proof of

actual residence.' Bragg v. Bragg, 32 Cal. App. 2d 611, 90 P.2d 329. The evidence was, therefore, sufficient to support the finding of jurisdiction made by the Superior Court of California in the divorce action.

 In this case defendant's answer denied that plaintiff established a residence in California prior to the commencement of the divorce action. The court heard the evidence introduced by both sides on this issue, as it was obliged to do according to the rule announced in Williams v. State of North Carolina, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366, and decided that plaintiff had established a bona fide residence in California in October 1941. We have examined the record in this case and conclude therefrom that the evidence shows by a great preponderance, that the plaintiff did establish such residence in California in about October 1941 and still maintained it at the time of the trial of the divorce action.

 It is also contended by defendant that an interlocutory decree of divorce is not res judicata as to the sufficiency of the evidence to prove grounds for divorce. It was on this theory that defendant alleged in his answer in this case that plaintiff had no grounds for divorce, and at the trial denied all charges of .cruelty. According to the laws of California an interlocutory decree of divorce establishes the right to divorce. "If no appeal be taken, such decree becomes final with respect to those property rights, as well as with respect to the adjudged right to a divorce." Newell v. Superior Court, 27 Cal. App. 343; 149 P. 998, 999. As already said, the evidence shows that plaintiff resided in California for one year before commencing the divorce action, as required by the laws of that state. Defendant was served with process by publication, and the regularity of this service is not questioned. These facts brought the res into the Superior Court of California. Boens v. Bennett, 20 Cal. App. 2d 477, 67 P.2d 715. No fraud has been shown. The interlocutory decree was rendered in accordance with the laws of California and it is, therefore, entitled to full faith and credit in this action, 27 C. J. S., Divorce, § 331. The sufficiency of the evidence to prove legal grounds for the

divorce is subject to review on appeal in California, but it is not subject to review by the courts of this state in this action. Williams v. State of North Carolina, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366.

Plaintiff's appeal is based on the contention that the award to plaintiff is not sufficient or equitable. In making a division of property between husband and wife where a divorce has been granted under the circumstances of this case the circuit court is guided by the rules stated in SDC 14.0726, as construed in Caldwell v. Caldwell, 58 S. D. 472, 237 N. W. 568. We find nothing in the record to indicate that the division of property made by the circuit court is inequitable.

The allowance of attorneys' fees is assigned as error by defendant. Attorney's fees are not allowable unless authorized by statute. Plaintiff has called our attention to no statute which permits such an allowance, and we can find none.

Judgment is modified by striking provision for attorneys' fees and as so modified it is affirmed, with costs to plaintiff.

WOLHETER, Circuit Judge sitting for POLLEY, J.
All the Judges concur.